[Department Two.—May 11, 1883.]

BARBARA JENNINGS, ADMINISTRATRIX, ETC., APPEL-LANT, *v.* THEODORE LE ROY, ET AL., RESPONDENTS.

CONSTITUTIONAL LAW—POWER OF THE LEGISLATURE—CHANGING THE GRADE OF A STREET.—The Act of the 1st of April, 1878, changing the grade of Bay Street in the city and county of San Francisco, was not in violation of any constitutional provision in force at the time of its passage, although its effect was to modify *pro tanto* the general statutes relating to street grades and improvements in San Francisco, and no provision was made for compensation to the owners of adjacent lots.

WORK DONE IN CHANGING THE GRADE—ASSESSMENT AND PRIOR PROCEEDINGS—STATUTES APPLICABLE.—The general statutes above referred to, as modified by the act in question, held to govern in relation to the assessment for the work and proceedings prior thereto.

ID.—FINDINGS—EVIDENCE.—The court below found that the resolution of the board of supervisors ordering the work to be done was not published after its introduction and before final action thereon, and that certain notices required in the course of the proceedings prior to the assessment were not given. The plaintiff gave in evidence the assessment, diagram, warrant, and affidavit of demand and non-payment, with the indorsements thereon showing the same to

have been duly recorded, and no other evidence was introduced in regard to the proceedings. The assessment, diagram, and warrant being *prima facie* evidence of the regularity of the previous proceedings, *held,* that the findings could not be sustained.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought to collect an assessment upon lots fronting on Bay Street, in the city and county of San Francisco, for grading that street under the act of the legislature passed April 1, 1878, entitled "an act to authorize the board of supervisors of the city and county of San Francisco to order Bay Street graded, and to change its grade."

Section one of the act authorized and empowered the board of supervisors of the city and county of San Francisco to order graded the whole or any part of Bay Street from the east line of Larkin Street to the east line of the Presidio Reservation, without receiving any petition from any person therefor, with the *proviso,* that the board shall have the grading between the east line of Larkin Street and Fillmore Street done either as a whole or in subdivisions, at their discretion; and that they shall have the grading between Fillmore Street and the east line of the Presidio Reservation done either as a whole or in subdivisions, at their discretion.

Section two of the act changed the old grade, and fixed and established a new one.

Section three of the act repealed all acts in conflict with its provisions, in so far only as they are inconsistent.

*J. M. Wood,* and *J. C. Bates,* for Appellant.

All proceedings by the board of supervisors were regular and correct, there being no objection taken to the assessment, diagram, warrant, and return when introduced and read in evidence, which of course *prima facie* proved the regularity and correctness of all prior proceedings. (Stats. 1871–72, p. 815, § 12; *Smith* v. *Cofran,* 34 Cal. 317.)

The conclusion of law, on page 39 of transcript, would lead one to imagine that the trial court thought the Act of

April 1, 1878, unconstitutional and void, as providing a different mode of procedure for Bay Street from other streets that required the same kind of work done. A similar question was distinctly raised and squarely passed upon in the case of *Oakland Pav. Co.* v. *Rier,* 52 Cal. 275.

In that case the court say: . . . . " It is urged that the sections of the act relating to Broadway Street are unconstitutional, but we see no ground upon which that proposition can be maintained. No reason is suggested why the legislature, in providing for the improvement of the streets in a city, may not devise or adopt two or more modes for that purpose, if the condition of the streets, in the opinion of the legislature, seems to require it. Nor is there any force in the objection that the council has no power to levy an assessment in the usual manner to pay for the improvement. (Cooley's Con. Lim. p. 497.)

There can be no doubt that the petition of property owners can be dispensed with in all street assessment proceedings.

In the case of *Hewes* v. *Reis,* 40 Cal. 263, Justice Temple uses the following language: " It was competent for the legislature to have authorized the board to make the contract without publishing a notice of intention and without inviting bids, and then to have compelled the defendants to pay the amount through its sovereign power of taxation."

*B. S. Brooks,* for Respondent.

The principal question is, whether the cost of grading Bay Street, under the act passed April 1, 1878, entitled " an act to authorize the board of supervisors of the city and county of San Francisco to order Bay Street graded, and to change its grade," was a charge upon the lots fronting on the said street. It was not claimed that the work had been done in compliance with the provisions of the general street improvement law of the said city and county, or so as to create any charge against the said property under that law, but the right was claimed by virtue of the special act, and it was admitted that the width and grade of said portion of Bay Street had been established before that.

To construe the act according to its terms, makes it constitu-

tional and just. To interpolate into it a clause that it is to be done at the expense of the adjoining property would render it unjust, and of doubtful constitutionality.

While it gives a discretion to the board to do the work or not at their pleasure, and if they decide to do it, then in such parcels as they please, it does not require any notice to the property owner, or fix any time or place when he can be heard. " It is fundamental law that no man shall be deprived of his rights, either of person or property, without an opportunity of being heard. He cannot be heard unless he have a reasonable notice of the time when, and the place where, his rights are to be adjudged." (*N. J. Turnpike Co.* v. *Hall*, 2 Har. (N. J.) 337; *State* v. *Newark*, 1 Dutch. 411; *Hess* v. *Cole*, 3 Zab. 124; *State* v. *Jersey City*, 4 Zab. 662.)

It was accordingly held that a law which did not itself provide for such notice and hearing was unconstitutional and void. (*Stuart* v. *Palmer*, 74 N. Y. 183; *State* v. *Morristown*, 5 Vroom, 445–454; *State* v. *Plainfield*, 38 N. J. L. 95, 98.)

It is a special law, "unequal and partial legislation." (Cooley, 389–393; *Munn* v. *People*, 69 Ill. 85; Sedgwick on Stat. and Const. Law, p. 30; *People* v. *Cooper*, 83 Ill. 594.)

We have a special act establishing the grades of the streets of the city, and fixing a mode of procedure by which the grade may be changed, and providing for the ascertainment and payment of damages.

This is in accordance with a principle, now recognized in all or nearly all the States, that a change of an established grade should not be made without compensation. (*Ryan* v. *Boston*, 118 Mass. 248; *Herzer* v. *Milwaukee*, 39 Wis. 360; *People* v. *Green*, 64 N. Y. 606; *McCarthy* v. *St. Paul*, 22 Minn. 527; *Mayor* v. *Nichol*, 59 Tenn. 338; *Elgin* v. *Eaton*, 83 Ill. 535; *Damour* v. *Lyons City*, 44 Iowa, 276; *Armstrong* v. *St. Louis*, 3 Mo. App. 151; *Schumaker* v. *St. Louis*, 3 Mo. App. 297; *Lane* v. *Boston*, 125 Mass. 519; *Cambridge* v. *Middlesex Co. Com.* 125 Mass. 529; *Akron* v. *Chamberlain Co.* 34 Ohio St. 328; *Donovan* v. *Springfield*, 125 Mass. 371.)

MYRICK, J. — The Act of April 1, 1878 (Stats. 1877–78, p. 931), must be construed as having the effect of changing the

grade of Bay Street at the points therein designated, and of authorizing that street, between the termini named, to be graded to the line of grade thereby established, without a petition from property owners. At the time of the passage of that act there was no constitutional objection to its passage. It was competent for the legislature to pass the act, even though it might, in effect, repeal or modify some provisions of existing laws, and that without re-enacting the statutes as modified or changed. The purpose of the act is sufficiently stated in its title. The respondent claims that when the line of grade has once been established (the street not being in fact graded to the line), the adjacent property owners have a right of property in the line of grade as established which cannot be taken from them without compensation. We have not been referred to any case or to any text writer which sustains the proposition. The cases are uniform, that the owner holds his property subject to the right of the legislative authority to establish and change grades; some cases, however, have stated that the owner is entitled to damages if his improvements or his right to use them are affected. The case before us is not such a one.

The court found that the resolution ordering the work to be done was not, after its introduction, published before final action thereon; that notice of the nature and character of the work to be done, with specifications, was not posted in the office of the superintendent of streets; and that no notice of the award was published. The only evidence upon that subject was the assessment, diagram, warrant, and affidavit of demand and non-payment, with the indorsements thereon showing due recording. The statute (Stats. 1871–72, p. 815, § 12) makes the warrant, assessment, and diagram *prima facie* evidence of the regularity and correctness of the assessment, and of the prior proceedings and acts of the superintendent, and of the regularity of all the acts and proceedings of the board of supervisors, upon which they are based; therefore there was some evidence of the regularity and correctness of the proceedings, and, there being no evidence in conflict, the findings above referred to are not sustained.

We are of opinion that the general statutes concerning the improvement of streets in the city and county of San Fran-

cisco, as modified by the Act of April 1, 1878, apply to the case before us.

The judgment and order are reversed, and the cause is remanded for a new trial.

THORNTON, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.