[S. F. No. 2251. Department Two. — September 27, 1901.].

## J. S. REID, Respondent, v. C. C. CLAY, Appellant.

ACTION UPON STREET-ASSESSMENT — EVIDENCE — PRIMA FACIE CASE — UNTENABLE OBJECTIONS. — In an action to enforce a street-assessment, the warrant, assessment, certificate, and diagram, with the affidavit of demand and non-payment, are admissible as *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council, and of the right to recover in the action. Objections to the admissibility of such evidence for other purposes, and that the facts essential to the validity of the assessment do not appear, are untenable, and must be disregarded.

ID. — RECORD OF PAPERS — PRESUMPTION. — The statute does not expressly require that the assessment and accompanying papers shall be recorded, in order to be effective as *prima facie* evidence; and it seems that such proviso or condition cannot be deemed imposed upon the provisions of the act. It must be presumed from such

*prima facie* evidence that the contract and all papers required by law to be recorded were recorded.

ID. — INDORSEMENTS UPON PACKAGES — PRESUMPTION. — It must be presumed that indorsements made at different times upon a package of papers produced from the engineer's office, comprising the diagram, warrant, return, and certificate of the engineer, referred to by the indorsements made thereon, respectively, were in the package when the indorsements were made. It must be inferred that the papers required by law to be attached together were so attached, and it cannot be presumed, contrary to the indorsement, that the certificate of the engineer was not in the package, or was wrongfully made elsewhere than in the engineer's office.

ID. — ASSIGNMENT OF CLAIM BY GENERAL MANAGER OF CORPORATION — PROOF OF AUTHORITY. — An assignment of the street-assessment claim was sufficiently proved, where it was shown that it was made by the general manager of the corporation which did the work; and that he was in the habit of executing assignments and contracts on behalf of the corporation with the knowledge, assent, and acquiescence of its board of directors.

ID. — CONTRACT OF CORPORATION — EXECUTION BY SECRETARY — SEAL — PRESUMPTION — RATIFICATION — ABSENCE OF RESOLUTION. — The contract for the street-work, by a corporation, executed by its secretary, with the corporate seal attached, must be presumed, in view of the corporate seal, and of the *prima facie* case made by the plaintiff, to have been executed by the authority of the corporation; and where it appears that it was the custom of the corporation for its secretary, when present, to execute its numerous contracts, and that the contract was ratified by appeal of the corporation from the original assessment, proof of the absence of a resolution authorizing the contract cannot defeat it.

ID. — DESCRIPTION OF WORK — EXCEPTION OF WORK ALREADY DONE — DECLARATION OF POWER. — The description of the work, in the assessment contract and notice for bids, as being for laying granite curbs on a certain street, between two other streets, "where not already laid," and paving the roadway thereupon with bituminous rock, "where not already so paved," does not disclose any delegation of power to the street superintendent or contractor to determine the character and amount of the work to be done.

ID. — COMPLIANCE WITH SPECIFICATIONS — MATERIALS — SATISFACTION OF SUPERINTENDENT OF STREETS. — A provision in the contract that the contractor will do the described work "in a good and workmanlike manner, under the direction and to the satisfaction of the superintendent of streets," and "in compliance with the specifications hereunto attached, and made part of this contract," is, in effect, the provision required by section 4 of the act of 1889 (Stats. 1889, p. 171), that "the materials used shall comply with the specifications, and be to the satisfaction of the superintendent of streets."

ID. — NEW ASSESSMENT — ORDER — NEW DIAGRAM AND WARRANT IMPLIED. — Where it appears that the original assessment, diagram,

and warrant had been set aside upon appeal of the contractor, and " a new assessment, correcting a clerical error in making the former assessment," had been ordered, it is necessarily implied in the order that there must be a new and corrected diagram and warrant, if rendered necessary by the alteration in the assessment. It cannot be objected that the new assessment does not conform to the decision of the board, if such non-conformity does not affirmatively appear.

ID.— CERTIFICATE OF ENGINEER.— A certificate of the engineer is not required, or required to be recorded, except in the case provided for in subdivision 10 of section 5 of the act of 1889 (Stats. 1889, p. 171). Though he is empowered by section 34 of the act to make a certificate of the work done, such certificate, when made, is simply to assist the superintendent of streets in determining whether the contract has been satisfactorily performed, and its contents, if satisfactory to the superintendent, are immaterial to the validity of the lien.

ID. — STREET-IMPROVEMENT ACT — CONSTITUTIONAL LAW — CASE AFFIRMED. — The Street-improvement Act of 1889 (Stats. 1889, p. 171) is constitutional and valid. *Cohen* v. *City of Alameda*, 124 Cal. 500, affirmed.

ID.— DEMAND AND RETURN — SPECIFICATION OF PAYMENT — PRESUMPTION OF AUTHORITY. — The demand and return are not required by the statute to specify the person to whom the money is to be paid, that being obviously understood; and the authority of the party making it is to be presumed, in the absence of evidence to the contrary.

ID.— DEMAND BY ASSIGNEE AS AGENT.— The fact that the demand made by the assignee of the claim of lien was made as agent of the original contractor is immaterial.

ID. — ALLOWANCE OF ATTORNEY'S FEES — LIEN. — The plaintiff is entitled to have the attorney's fees allowed by the court in the action to enforce the assessment made a lien upon the land assessed.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. George H. Bahrs, Judge.

The facts are stated in the opinion.

F. A. Berlin, for Appellant.

J. S. Reid, and Bishop & Wheeler, for Respondent.

SMITH, C. — The plaintiff recovered judgment against the defendant, in the court below, for the sum of $115.07,—the amount of a street-assessment on land of defendant in San Francisco,—with interest and costs, and the sum of $15 at-

torney's fees, all of which is adjudged to be a lien on the defendant's land. The appeal is from an order denying the defendant a new trial. The facts of the case will be most conveniently stated in connection with the several points as they are discussed.

THE PLAINTIFF'S CASE. — On the trial, the "Certificate of the City Engineer," "Assessment, Diagram, and Warrant," and "Return," with indorsements as given below, were offered in evidence, and admitted over the objections of the defendant, — the indorsements being as follows: "2318. Assessment for paving, etc., Steiner Street, bet. Washington and Jackson streets, City Street Improvement Co., Contractor. Recorded this 20th day of April, 1896, in vol. 119, page 88. Thomas Ashworth, Superintendent of Public Streets, Highways, and Squares. Per John S. Bryan, Deputy." "Returned this 16th day of May, 1896, and Return recorded in vol. —, page —. Thomas Ashworth, Supt. Public Streets, Highways, and Squares. Per John S. Bryan, Deputy."

The objections made to the introduction of this evidence were numerous, but (with exceptions to be noted) they relate to the effect, rather than to the admissibility, of the evidence, and must therefore be regarded as untenable. Under section 12 of the act (Stats. 1889, p. 168) the "warrant, assessment certificate, and diagram, with the affidavit of demand and non-payment" were admissible as "*prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant, assessment, and diagram are based." (*Jennings* v. *Le Roy*, 63 Cal. 397; *Jennings* v. *Le Breton*, 80 Cal. 8; *Ede* v. *Knight*, 93 Cal. 159; *Perine* v. *Erzgraber*, 102 Cal. 234; *Witter* v. *Bachman*, 117 Cal. 323.) Whether admissible for other purposes need not for the present be determined; though in fact the statute provides that they shall be *prima facie* "evidence of the right of the plaintiff to recover in the action."

The statute does not expressly provide that, to have the effect given them as evidence, the assessment and other papers referred to shall be recorded; nor has it been held in any of the cases to be necessary. We see no reason, therefore, for imposing such a condition or proviso upon the provisions of the act; but as we are satisfied that in this case the proof of record is sufficient, it will not be necessary to pass definitely on this point.

The indorsements on the papers (and there are obviously two, made at different times) must be regarded — so far as their terms indicate — as referring to all the papers in the package at the time, respectively, they were made; and as the package appears to have been produced from the engineer's office in the form in which it was offered, it must be presumed that the papers referred to by the indorsements, respectively, were in the package when indorsed. Indeed, as to all of them except the "Certificate of the Engineer," this is conclusively to be inferred from the fact that by the provisions of the law the diagram and warrant must be attached to the assessment, and the return indorsed on the warrant (Stats. 1889, secs. 8, 9, 10); and though there is no express provision requiring the certificate of the engineer to be attached, yet this seems to have been contemplated, and is probably customary. But however this may be, if the certificate had not been in the package when indorsed, to add it afterwards would have altered the effect of the indorsement, and if done with criminal intent, would, in effect, have amounted to forgery; and it cannot be presumed that this should have occurred in the office of the superintendent. (Code Civ. Proc., sec. 1963, subds. 1, 15.)

The remaining objections to the admissibility of this evidence relate to the validity of the assessment, and of the resulting lien, and will be more conveniently considered in the general discussion of those matters; to which we will presently proceed.

In addition to the evidence we have been considering, the plaintiff offered a written assignment to the plaintiff of the claim of the City Street Improvement Company, signed "City St. Improvement Co., J. W. McDonald"; and this was admitted over the objection of the defendant. In this we think there was no error, or at least no error that could have injured the defendant. It was admitted that McDonald was, at the time of making the assignment, the manager of the corporation; and it was subsequently proved, in rebuttal to evidence introduced by the defendant, that he was the president and general manager, and was in the habit of executing assignments and contracts on its behalf, with the knowledge, assent, and acquiescence of its board of directors. The authority of McDonald to make the assignment was, we think, sufficiently proved. (*Bergtholdt* v. *Porter Brothers Co.*, 114 Cal. 681; 1 Morawetz on Corporations, secs. 504, 509; 4 Thompson on Corporations, secs. 4849, 4850; Mechem on Agency, secs. 95, 97.)

Various objections to the assessment are made by the defendant, on the ground that facts essential to its validity do not appear; but these must be disregarded. The plaintiff's *prima facie* case was established by the evidence introduced, and it could not be overcome otherwise than by proof of the non-existence of such facts. (*Perine* v. *Erzgraber*, 102 Cal. 236, 238; *Gray* v. *Lucas*, 115 Cal. 436; *Hellman* v. *Shoulters*, 114 Cal. 158.) It remains, therefore, to consider only those objections that are supported by affirmative proof of the facts on which they are rested. These relate, — 1. To the resolution of intention and resolution ordering the work; 2. To the contract; 3. To the assessment; 4. To the lien; and 5. To the demand of payment; and will be considered in the order stated.

1. Neither the resolution of intention nor the resolution ordering the work is in the record; but defendants introduced extracts from the minutes referring thereto, substantially similar in form to the entry in *Edwards* v. *Berlin*, 123 Cal. 546; which was held to be sufficient. In the assessment, however, the improvement is described as being "for laying granite curbs on Steiner, between Washington and Jackson streets, *where not already laid,* and that the roadway of said Steiner Street be paved with bituminous rock, *where not already so paved* (except that portion required by law to be kept in order by the railroad company having tracks thereon), as per contract made with the City Street Improvement Company on the 8th of January, 1896." So in the contract, and in the notice for bids, introduced in evidence by the defendant, the work to be done is similarly described. It may be presumed, therefore, that the description of the work in both resolutions was in effect the same; and it is claimed that this was a delegation of power to the street superintendent or contractor to determine the character and amount of the work to be done. Numerous authorities are cited by the defendant, but none of them sustain his position, — all referring to cases where there was in fact a power delegated, — as, e. g., where the order directed the work "*where necessary*" (*Richardson* v. *Heydenfeldt,* 46 Cal. 68); or the improvement of portions of a street "not now in good and sound condition" (*Bryan* v. *Chicago*, 60 Ill. 507); or "such portions of the sidewalk as the city engineer shall direct" (*Thompson* v. *Schermerhorn*, 6 N. Y. 92[1]), etc. But

---

[1] 55 Am. Dec. 385.

here nothing is left to the discretion of the superintendent. The parts of the street to be excepted are definitely described by reference to unmistakable marks on the ground. Accordingly, precisely similar assessments• have been repeatedly sustained by this court. (*McDonald* v. *Conniff,* 99 Cal. 388, 389; *Perine* v. *Erzgraber,* 102 Cal. 236, 237; *Williams* v. *Bergin,* 116 Cal. 59.) *Bolton* v. *Gilleran,* 105 Cal. 244,[1] cited by appellant, was an entirely different case.

2. The contract which was put in evidence by the defendant was witnessed by the seal of the corporation and the signature, "City Street Improvement Co.   By W. E. Dennison, Secty."; and it was objected that Dennison had no authority to execute it.   But the plaintiff having made its *prima facie* case, the contrary is to be presumed, unless the evidence shows affirmatively that he did not have such authority; and we do not think that this is the case.   It appears, indeed, from the testimony of Dennison that there was no resolution especially authorizing the execution of this contract, or authorizing the secretary, manager, or president, or other officer, to execute contracts of this kind, and no such authority is conferred by the by-laws, otherwise than it is made the duty of the secretary to "fix [the] corporate seal to all papers requiring a seal." But in the regular course of business — which involved the execution of hundreds of such contracts, and was known to the general manager and the directors — it was customary for the secretary to execute all contracts, except when absent, in which case they were executed by the general manager. From this, and from the seal attached to the contract, the authority to execute the contract is to be presumed. (Authorities cited *supra; Underhill* v. *Santa Barbara etc. Co.,* 93 Cal. 314; *Burnett* v. *Lyford,* 93 Cal. 117.)   It also appears that the contract was ratified by the corporation prior to the assessment, by its appeal from the original assessment. (*Oakland Paving Co.* v. *Rier,* 52 Cal. 276, 277.)

Another objection to the contract is, that it does not contain the provision required by section 4 of the act, that the "materials used shall comply with the specifications, and be to the satisfaction of [the] superintendent of streets." But the contract provides that the contractor will do the work "in a good and workmanlike manner, under the direction and to the satis-

---

[1] 45 Am. St. Rep. 33.

faction of the superintendent of streets" (describing it), "in compliance with the specifications hereunto attached, and made part of this contract"; which is, in effect, the provision required. The specifications are also objected to, but we think them sufficient.

3. It appears from a printed slip attached to the assessment, and from an entry in the minutes of the board, that a previous "assessment, warrant, and diagram" had, on the appeal of the contractor, been set aside and "a new assessment correcting a clerical error in making [the] former assessment" ordered; and it is objected that the order does not expressly direct a new "diagram or warrant." But this is necessarily implied in the order to correct the assessment, which, as required by the law, must be followed by a correction of the diagram and warrant, if rendered necessary by the alteration in the assessment. The objection that it does not appear that the new assessment does not conform to the decision of the board is sufficiently answered by the fact that the contrary does not appear.

4. It is objected to the validity of the lien that it does not appear that the contract was recorded in the office of the superintendent of streets, and also that the engineer's certificate was insufficient. With regard to the former point, we think the rule as established by the provision of section 12 of the act, and the authorities already cited, is, that the plaintiff's *prima facie* case is made by the introduction of the evidence specified, and consequently that it must be presumed that the duty of recording the contract imposed by the law on the superintendent was performed. The case of *Witter* v. *Bachman*, 117 Cal. 318, is not in conflict with this conclusion. In that case it was held that the return of the warrant had not been recorded. But there it affirmatively appeared that the return entered on the margin of the assessment was not signed by the superintendent, and the court said, distinguishing the case from the previous cases: "There was nothing in those cases to show any defect in this *prima facie* evidence. But here the return of the warrant is self-impeached by showing on its face the fatal defect." With regard to the contract (of the recording of which there was no evidence), no decision was made, the court saying, that (under the circumstances of the case) it would hesitate to hold the lack of evidence of record fatal.

Nor is there anything in the objection to the sufficiency of the engineer's certificate. A certificate of the engineer is not required, except in the case provided for in subdivision 10 of section 5 of the act. He is indeed empowered by section 34 (Stats. 1889, p. 171)—when required—to make a certificate of the work done, and where the certificate is made, it must, under the provisions of section 9, be recorded. But this provision must be construed as requiring its record only in cases where the certificate is in fact made, or is required to be made by section 5 of subdivision 10. Where the certificate is made, —otherwise than in the case provided for in the subdivision cited,—it is simply for the purpose of assisting the superintendent of streets, upon whom, by section 8, is devolved the function of determining whether the contract has been satisfactorily performed. It follows that the certificate, if satisfactory to the superintendent, cannot be defective, or in other words, that its contents are immaterial to the validity of the lien. (*Gray* v. *Lucas*, 115 Cal. 434 et seq.; *Jennings* v. *Le Breton*, 80 Cal. 13, 14; Finlayson on Street Law, 103.)

It is also objected to the validity of the lien that the Street-improvement Act is unconstitutional. But this point must be regarded as settled to the contrary by the decision in *Cohen* v. *City of Alameda*, 124 Cal. 506.

5. The objections to the demand as returned are, that the party making the return was not authorized to make the demand, and that it does not appear that in making it the person to whom the money was to be paid was specified. With regard to the latter objection, it is perhaps worthy of notice that the same defect occurs in the provision of the statute (sec. 10), which is, that the "contractor or his assigns, or some person in his or their behalf, shall publicly demand payment on the premises assessed." The reason of the defect is, that it is never necessary to express what is obviously understood, and the same reason will apply to the return. With regard to the other objection, it is sufficient to say that under the rule laid down in section 12, the authority of the party, in the absence of evidence to the contrary, is to be presumed. The fact that the demand was made as by the agent of the original contractor is immaterial. (*Taylor* v. *Palmer*, 31 Cal. 248, 249; Finlayson on Street Law, 106.)

Finally, the objection is made that the court erred in making the attorney's fee allowed a lien upon the land. But this, we

think, was plainly contemplated by the statute. The provision is, that the plaintiff may recover this in addition to costs, and have judgment therefor; and this must be construed as entitling him to the recovery of it as part of the recovery and judgment provided for, which is exclusively for a lien. Otherwise it could not be recovered. (*Taylor* v. *Palmer*, 31 Cal. 249 et seq.; *Manning* v. *Den*, 90 Cal. 610.)

I advise that the order appealed from be affirmed.

Cooper, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

Henshaw, J., McFarland, J., Temple, J.