## C. H. BAKER v. THE CITY COUNCIL OF THE CITY OF LA. MOURE, LaMoure, North Dakota; C. I. Hutchinson, Mayor of the City of LaMoure, LaMoure, North Dakota; C. M. Holbert, Auditor of the City of LaMoure, LaMoure, North Dakota; R. N. Cunningham, Treasurer of the City of LaMoure, LaMoure, North Dakota, and Gilbert W. Haggart.

(129 N. W. 464.)

**Municipal Corporations — Special Assessments — Injunctions.**

1. A real-estate owner, whose property is about to be assessed to pay for a sewer in an amount in excess of the sum justly due for that improvement, under a contract between the city and the contractor, may restrain the officers of the city from levying such assessment against his property.

**Municipal Corporations — Public Improvements — Approval of City Engineer — Special Assessments.**

2. Under §§ 2787 and 2800, Rev. Codes 1905, the certificate of the city engineer that the work has been completed in accordance with the contract is essential before the city officers can properly levy assessments against individual property for the payment of the cost of a sewer.

**Municipal Corporations — Construction of Sewers — Contract — Approval of City Engineer.**

3. Where a city and a contractor enter into a contract for the construction of a sewer, and said contract specifies that the work must be done to the satisfaction of the city engineer, such provision is binding upon the city and the contractor, and the city will be restrained from levying assessments against individual property, where the city engineer, in good faith, refuses to approve of the contractor's work.

**Municipal Corporations — Public Improvements — Special Assessments — Appointment of City Engineer — City Engineer's Approval.**

4. The fact that the supervising engineer was appointed by the council especially to superintend the building of a sewer, there being no city engineer, does not affect the question of the binding effect of the contract or the application of the statutes to that question.

Opinion filed December 16, 1910.

Note.—Injunction to restrain the collection of illegal taxes, see note in 22 L.R.A. 699.

Appeal from the District Court of LaMoure county; *Burke, J.*

Action for a permanent injunction. Demurrer to complaint over-ruled. Defendants appeal.

Affirmed.

*S. G. Roberts* and *W. H. Hutchinson,* for appellants.

Engineer's failure to object as the work proceeds waives defects. Siebert v. Roth, 118 Wis. 250, 95 N. W. 118; Laycock v. Moon, 97 Wis. 59, 72 N. W. 372; Laycock v. Parker, 103 Wis. 161, 79 N. W. 327; Ashland Lime, Salt & Cement Co. v. Shores, 105 Wis. 122, 81 N. W. 136.

Plaintiff has no interest to entitle him to maintain this action. New Orleans Waterworks Co. v. New Orleans, 164 U. S. 471, 41 L. ed. 518, 17 Sup. Ct. Rep. 161; Wood v. Bangs, 1 Dak. 186, 46 N. W. 586; Newcomb v. Horton, 18 Wis. 566; State ex rel. Byrne v. Wilcox, 11 N. D. 334, 91 N. W. 955.

Engineer's approval not essential to the certifying or giving notice to commission. Beach, Mun. Corp. § 1085, note 2.

Public officers will not be enjoined unless about to do an unconstitutional or unlawful act that injures plaintiff. State ex rel. Cranmer v. Thorson, 9 S. D. 149, 33 L.R.A. 582, 68 N. W. 202; 3 Abbott, Mun. Corp. pp. 2510, 2512, 2513, 2526 and note; Board of Liquidation v. McComb, 92 U. S. 531, 23 L. ed. 623; 12 Current Law, 918.

Plaintiff cannot see work completed, warrants drawn and delivered, and then seek equitable relief. Rev. Codes 1905, § 2789; Barker v. Omaha, 16 Neb. 269, 20 N. W. 382; Wood v. Bangs, 1 Dak. 179, 46 N. W. 586.

Employed engineer is not a public official. 2 Abbott, Mun. Corp. p. 1655; White v. Alameda, 124 Cal. 95, 56 Pac. 795.

*John Knauf* and *C. S. Buck,* for respondent.

Failure to perform contract justifies injunction at the instance of a taxpayer. 28 Cyc. Law & Proc. p. 1048; McCain v. DesMoines, 128 Iowa, 331, 103 N. W. 979; Roberts v. Fargo, 10 N. D. 230, 86 N. W. 726.

Statute and contract require the approval of the city engineer, and it is essential to the certification to the special assessment commission. McGuire v. Rapid City, 6 Dak. 346, 5 L.R.A. 752, 43 N. W. 706; Duncan v. Ramish, 142 Cal. 686, 76 Pac. 661; Gosnell v. Louisville,

22 Ky. L. Rep. 365, 57 S. W. 476; Lamson v. Marshall, 133 Mich. 250, 95 N. W. 78; Omaha v. Hammond, 94 U. S. 98, 24 L. ed. 70; Jennings v. Le Breton, 80 Cal. 8, 21 Pac. 1127.

MORGAN, Ch. J.   The complaint alleges the following facts:  That on the 28th day of July, 1908, the city of LaMoure, through its council, entered into a contract in writing with the defendant Haggart, for the construction of a system of sewers in that city; that one C. M. Baker was, by said city council, appointed supervising engineer, and was to superintend the construction of said sewers under said contract; that he was appointed as such supervising engineer by reason of the fact that no city engineer had been previously appointed by the mayor as provided by statute; that he duly accepted such appointment, and as such supervising engineer performed all of the duties required of him under said contract and under the statute; that he filed, with the auditor of the city, a final estimate and report on said sewer system, and said final report was by the said city council referred to a committee for action thereon; that said committee reported to the council, and its report was adopted by said council on April 25, 1909; in this report the committee recommended that portions of the sewers as constructed by defendant be reconstructed, inasmuch as they were defectively constructed; that on the 21st day of May, 1909, said committee made another report to the city council, in which it recommended the acceptance of the sewers as constructed by the defendant Haggart, under the contract, and that he be paid the balance due him in full, less the sum of $150, to be reserved by the city for the purpose of placing the streets in proper condition; that the city council, by resolution, adopted said report, and ordered that warrants be issued in accordance therewith, and that the auditor did issue warrants in favor of said Haggart, pursuant to said resolution, for the sum of $3,789.80.

The complaint further alleges that said supervising engineer has never approved the construction of the sewers, but, on the contrary, has specifically disapproved portions of the work done by him under the contract, and, in consequence of these facts, the contract has never been fully performed or completed, and that warrants were issued for such work in a sum largely in excess of the work actually done by said defendant Haggart.

The complaint also contains the following allegations: "That the said Gilbert W. Haggart has not, nor has anyone on his behalf, rebuilt those portions of said sewer system disapproved by the said supervising engineer in his report of December 11, 1908; that the said Gilbert W. Haggart has not, nor has anyone on his behalf, put the streets of the city of LaMoure, North Dakota, along which was constructed the sewer system specified in the contract mentioned in paragraph 3 of this complaint, in the same condition as they were before the construction of said system; that, by reason of the wrongful and unlawful action of the city council of the city of LaMoure in approving and accepting the contract and work done by the defendant Gilbert W. Haggart, after the same had been specifically disapproved by the supervising engineer, appointed by the said city council of the city of LaMoure to supervise the construction of said sewer, or certifying of the cost of that portion of the sewer disapproved by said supervising engineer, certifying the cost of putting the streets of the city of LaMoure in condition, to the special assessment commission, by the city auditor, would result in assessing an illegal tax against the property of the plaintiff, and work a special damage to the plaintiff, in that said portion of the tax levied by said special assessment commission would be an illegal lien on the plaintiff's aforesaid property."

The prayer of the complaint is that the city council be restrained and perpetually enjoined from certifying to the special assessment commission the cost of said sewer system, for the purpose of levying the special assessment for the cost of said sewers.

The defendants demurred to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendants have appealed from the order overruling the same.

It is first claimed that the plaintiff has shown no such interest in the result of the levying of assessments to pay for the sewer improvements as entitled him to relief in a court of equity. In this regard the complaint alleges that the plaintiff is a "resident property owner and taxpayer of the city of LaMoure, . . . and that he owns property and lots abutting on certain streets in the city of LaMoure . . . along which streets has been constructed the sewer hereinafter described, and that said property and lots are subject to assessments by

the special assessment commission, for the purpose of paying for the construction of said sewer above and hereinafter mentioned."

This allegation, in connection with the statements from the complaint quoted above, to the effect that the proposed assessment against the plaintiff's property would be illegal, is sufficient to show that the plaintiff has such interest in the contract as entitles him to the interposition of a court of equity. If not restrained, plaintiff's property would be encumbered by a lien in excess of what it would be if the council had not exceeded its authority. Roberts v. Fargo, 10 N. D. 230, 86 N. W. 726; McCain v. DeMoines, 128 Iowa, 331, 103 N. W. 979.

It is claimed that the complaint does not show that any assessment will be made against plaintiff's property to secure the payment of the said sum of $3,017.30. The complaint shows that warrants have been issued for that amount, and there is no provision for the payment of such warrants except through assessments against the lots abutting on streets where the sewers are constructed. The plaintiff alleges that he owns such lots. No conclusion can be drawn from these allegations, except that these lots will be burdened with a lien for such excess. The fact that plaintiff's lots are not specifically described in the complaint is not material.

It is also claimed that the complaint fails to show that the work was not done in the good and workmanlike manner called for by the contract. The allegation of the complaint above set forth shows that the sewer has not yet been constructed in accordance with the contract. These defects are specifically pointed out in the report of the engineer. Furthermore the contract provides that the sewer was to be built "to the satisfaction of the engineer selected." Under the terms of the contract, and under §§ 2784 and 2800, Rev. Codes 1905, the approval of the engineer is necessary before the final action by the city council. The contract provides that the work shall be done "in good, workmanlike, and substantial manner, to the satisfaction and direction of the engineer to be selected by the said party of the second part, who shall have general supervision of all and each part of the said work to be testified by a certificate under the hand of the said engineer."

Section 2784, supra, provides that "such contract shall require the work to be done thereunder to be done pursuant to the plans and speci-

fications therefor on file in the office of the city auditor . . . and subject to the approval of the city engineer, who shall personally supervise and inspect such work during its progress."

Section 2800, supra, provides: "Whenever the work for which a special assessment shall be required to be made by such commission shall have been completed, and approved by the city engineer, and the total cost of such work shall have been ascertained as near as practicable, the city auditor shall notify the chairman of such commission of the completion of such work," etc.

From the contract and these statutes, it is plain that approval by the engineer is intended as a prerequisite to final action by the council. The statutes were enacted to protect property holders from having to pay for poor work or materials, and from other abuses in public work liable to escape detection by those not specially informed on such matters. Engineers are supposed to have special training in such matters, hence the importance attached to their approval both in the statute and in the contract under consideration.

There is no question raised in this case as to the good faith of the engineer. The authorities make an exception as to a certificate by the engineer being necessary, if it is shown that the action of the engineer is arbitrary, fraudulent, or unreasonable. 28 Cyc. Law & Proc. 1049, and cases cited. Reid v. Clay, 134 Cal. 207, 66 Pac. 262; O'Dea v. Mitchell, 144 Cal. 374, 77 Pac. 1020.

The complaint and exhibits attached thereto and made a part thereof show wherein the sewers were not constructed in accordance with the contract, which provided that they were to be constructed in a good and workmanlike manner. In his report, the city engineer specifically disapproves of the work of the contractor, and states that the contract price should be reduced as to 10-inch pipes in the sum of $3,017.30. The complaint also shows other defects, and that the city engineer specifically disapproved the work and recommended a deduction from the contract price in a sum in all amounting to $4,389.80. These allegations refute, so far as the demurrer to the complaint is concerned, any contention that the refusal of the engineer to approve the work was arbitrary and unreasonable. We are now only determining whether the complaint states a cause of action as against demurrer. We are not determining that to refuse to approve of the work under the contract, for

21 N. D.—10.

the reason that the sewers were not constructed so as to come within what is known as the light test, was arbitrary. We are not passing upon the question whether the light test is a proper method of determining: that the construction of the sewer was not in a good and workmanlike manner, because it does not comply with the light test. If the action of the engineer was arbitrary, the council would not be bound thereby; but the complaint and exhibits cannot justly be said to show an. arbitrary refusal to approve of the work, as a matter of law.

The fact that the supervising engineer in this case was appointed by the council especially for the work, for the reason that there was no regular city engineer, has no force to change the Linding effect of the contract that the engineer's approval was necessary, or as to the application of §§ 2787 and 2800, supra, to such contracts. The statute provides that when there is no city engineer the council shall employ one.

In McGuire v. Rapid City, 6 Dak. 346, 5 L.R.A. 752, 43 N. W. 706, the effect to be given to a certificate of approval of a city engineer under a contract very much the same as the one in question was considered, and the court said: "By its terms, the plaintiff was to perform the work under direction of the city engineer, and to his satisfaction. The city made the engineer its agent to approve and accept the work. His judgment was the judgment of the city, and the plaintiff was only required to perform the work in such a manner as to meet with his approval. It is true that the contract does provide that the work was to be done in a 'good, workmanlike, and substantial manner,' but whether it was so done or not was to be determined by the engineer himself. The plaintiff and defendant contracted that the work must pass the inspection of the defendant's engineer; and though a court and jury, or other competent tribunal, might be satisfied that the work was done in a good, workmanlike, and substantial manner, yet it would not avail the plaintiff under this contract, unless, perhaps, the engineer should fraudulently or wrongfully withhold his approval."

The complaint states a cause of action, and the demurrer was properly overruled.

Order affirmed, CARMODY, J., concurring specially, SPALDING, J., dissenting.

CARMODY, J. (concurring specially). I concur in the result reached in the majority opinion, but deem it proper to express my views upon the reasons given by the supervising engineer for refusing to approve of a portion of the sewer. He disapproves of about 2,743 feet of the 10-inch pipe sewer, because it does not stand the light test, in other words, because a light cannot be seen from manhole to manhole. The plans and specifications nowhere call for the light test, and the supervising engineer does not claim that they do, but bases his refusal to approve of that part of the work that will not stand the light test, on the authority of a text-book on Sewers, by Professor Ogden, of Cornell University. The supervising engineer admits that water flows freely through that portion of the sewer disapproved of, and does not claim that the work is not in accordance with the plans and specifications, but bases his refusal to approve wholly on the light test. The supervising engineer cannot arbitrarily or unreasonably withhold his approval of the work. There is no pretense but that the work was done in accordance with the plans and specifications, except that a 24-foot back pressure gate valve to be placed at the river has not been furnished, also that the surface of the streets was not left in as good condition as it was before the commencement of the work. I think the supervising engineer in withholding his approval of the 2,743 feet of sewer on account of its failure to stand the light test is arbitrary and unreasonable, but as the contractor did not furnish the 24-foot back pressure gate valve, and left the surface of the streets in a rough condition, the plaintiff is entitled to relief against paying for that portion of the work. Hence the demurrer was properly overruled.

SPAULDING, J. (dissenting). I have no dissent to enter as to most of the principles of law announced in the majority opinion. The due protection of property rights of citizens of cities from the ill-considered, careless, or corrupt action of city councils requires that statutes granting them powers in matters relating to municipal improvements for which property may be assessed shall be construed with at least reasonable strictness. However, it is well settled that courts will not hold to as strict a construction in actions commenced after the work has been done, as in those by which it is sought to enjoin the officials or others before work has been performed in the execution of the con-

tract.   It is elementary that a complaint seeking to enjoin public officials from the performance of official acts must state facts showing affirmatively that the plaintiff is entitled to the relief demanded.   It is equally elementary that, if the complaint does not show affirmatively the right to such relief, it is demurrable.   In the case at bar it is clear to me that the complaint wholly fails to show the plaintiff entitled to the relief demanded, but that if it does show him entitled to any of the relief demanded, it is only a trifling part of the subject-matter of the controversy.

It appears, from the complaint, that a contract was entered into for the construction of a system of sewers for the city of LaMoure, and that the city was districted for that purpose.   The contractor proceeded with the work, and, in accordance with the terms of the contract, was from time to time paid by warrant an amount equaling 80 or 90 per cent of the contract price, and the warrants against which this proceeding is directed are for the balance claimed to be due him on the whole system.   The complaint utterly fails to show that the property of the plaintiff which is claimed to be affected or liable to a special assessment is located within any district in which the sewer, as constructed, failed to meet the approval of the city engineer, also fails to show that the warrants in question were drawn for the work which he condemned. For all that appears in the complaint, they may have been drawn for that part of the sewer system which was approved.   If drawn in payment of the disapproved part of the sewer system, and that portion was in another district than that in which the property of the plaintiff is situated, he has no cause of action.   It would not effect his property, hence I conclude that the complaint fails to state a cause of action in behalf of the plaintiff.   Of course if the complaint showed the whole city to have been included in one district, a different question would arise, but it is clear that the complaint shows neither that his property is to be assessed to pay for that part of the sewer disapproved, nor that the warrants against which the complaint is directed were drawn for the condemned portion of the sewer system.   The allegation that his property will be affected is a mere conclusion of law, unsupported by facts pleaded.

However, if in this respect the complaint is sufficient, it is insufficient and fails to state a cause of action as to the main part of the

warrants in question, and I think the court, even if sustaining the complaint technically because showing a cause of action as to $150, or any portion of the warrants, should announce the law regarding the really important part of the controversy. The sole ground on which the injunction is sought is that a minor portion of the system, as constructed, did not meet with the approval of the supervising engineer. Had he declined to approve it, and stopped there, this contention might be sustained, but he specifies his reason for withholding his approval, and the complaint must state facts bringing the case within the reason specified. The authorities cited in the majority opinion allowed that his certificate of approval is not necessary when it is shown that his action is arbitrary, fraudulent, or unreasonable. It is plain to me that the reason given for withholding his approval in the case at bar is wholly arbitrary, and one not contemplated by the contract. The contract entered into between the contractor and the city of LaMoure is made a part of the complaint, and it requires the work to be done and the sewer constructed in accordance with certain plans and specifications, also made a part of the complaint, as are the various reports of the engineer disapproving a portion of the work and giving reasons therefor, and the reason as applicable to practically all the work we are considering, comes squarely within the exceptions referred to by the authorities. Neither the contract nor the plans and specifications anywhere require the work to meet the light test, or to be construed so a light can be detected from one manhole to another, and the failure of a portion of the sewer to pass this test is the only reason given for withholding his approval by the engineer. His reports show that water flows freely through that part of the line disapproved, and that the fall is about 1 foot per hundred. He does not claim in his reports that the contract requires the work to pass such a test, but refers to the work of one Ogden as authority, holding that sewers ought to conform to that test. It is not contended that the materials differed from those specified in the contract, or that the work does not conform to the same and the plans and specifications, but that for about 2,743 feet of 10-inch pipe a light cannot be seen because of crooks in the line. For all that appears by the allegations of the complaint, the line may have turned several corners in this distance. If any inference can be drawn, it is that no such test was contemplated, for the reason that the bid included

a price for lamp holes, but the plans and specifications nowhere call for any. As far as shown by the complaint, the sewer constructed in this respect in accordance with the terms of the contract, and the reason for withholding his approval by the engineer, as plainly given, is wholly arbitrary, as relating to this contract. It may be a proper test to apply to sewers when called for by the contract, but it is not directed to the character of the workmanship or the quality of the material, but goes wholly to the plan of construction. This plan of construction was adopted by the city before the contract was let, and the contract, as I have shown, was let with reference to it, and not with reference to the opinion of some writer on systems of sewerage who never saw or heard of the contract in question. I have no doubt that any expert on sewerage systems could devise many methods of applying a test, or many different tests, any or all of which might be appropriately applied to a system if called for in the contract, and however unreasonable or exacting they might be if the work failed to pass the test when required by the contract to do so, the engineer would be warranted in disapproving the work. To make this complaint good in this respect, it was necessary to plead affirmatively that such a test was contemplated by the contract, and no allegations of the complaint can be properly construed as allowing this. On the contrary, the express allegations of the complaint establish the fact that the test suggested is one not contemplated, and was arbitrarily adopted by the engineer.

For these reasons I dissent.