THE RED RIVER VALLEY BRICK COMPANY, a Domestic
    Corporation, School District No. 59, and The Township of Fal-
    coner, of the County of Grand Forks, North Dakota, v. THE
    CITY OF GRAND FORKS, a Public Corporation, M. F. Mur-
    phy, as Mayor, Sim Miller, as Assessor, and C. J. Evanson, as
    Auditor, of the City of Grand Forks.

(145 N. W. 725.)

City — annexing adjacent territory — advisability — wisdom — political
    question.

    1. The question of the advisability or wisdom of annexing adjacent territory
    to an incorporated city is a political question.

Note. — The authorities on the question of the power of the legislature to annex territory to municipalities are collated in a note in 27 L.R.A. 737.

On the question of discrimination between residents or property owners in territory annexed, as to right to defend against annexation of territory to municipality, see note in 17 L.R.A.(N.S.) 421. And as to who may raise objection that statute annexing land to cities contains unconstitutional discrimination, see note in 32 L.R.A.(N.S.) 957.

**Authorities of city — requirements of the law — judicial questions.**

2. Whether the authorities of an incorporated city have complied with the law authorizing the annexation of adjacent territory, the effect of irregularities or omissions in attempting to follow the method of annexation prescribed by statute, what are the corporate limits of a city, whether it is a corporation, whether the legislative authority has been exceeded in an attempt to extend the boundaries, and similar questions, are judicial questions.

**Proceeding — quo warranto — remedy — city — annexation of territory — individuals — special interests.**

3. A proceeding in the nature of quo warranto, under § 7351, Rev. Codes 1905, was not intended to provide the remedy for an unlawful or irregular annexation of adjacent territory to an incorporated city, when such proceeding is instituted by individuals or those having special interest in the subject.

**Certiorari — annexation — regularity — record of proceedings — outside facts.**

4. Certiorari is not the proper proceeding by which to test the regularity and the legality of an attempted annexation of adjacent territory to an incorporated city, at least not when, among the facts alleged as rendering the proceedings invalid, are facts outside the record made in the proceedings of the city authorities.

**Injunction — remedy — invalid annexation.**

5. Injunction is the appropriate remedy to prevent carrying into effect an invalid attempt at annexation of territory adjacent to an incorporated city, when sought by a party having a special interest therein.

**School district — township — interest — maintain action.**

6. A school district and a township have sufficient interest in a change of a part of the territory included therein from the school district into the adjacent city district, and from the township into the adjacent city, by means of which the taxable real estate in such township and district would be greatly lessened and the rate of taxation materially increased, to qualify them to maintain an action to test the validity of the annexation proceedings.

**Proceedings to test validity of annexation — delay — laches.**

7. Under the facts of this case, a delay of less than five months in instituting proceedings to test the validity of an attempted annexation of adjacent territory by the city of Grand Forks does not constitute such laches as will defeat the action.

**City — may extend boundaries — resolution — amended resolution — material change — invalid — rights of parties.**

8. Sec. 2825, Rev. Codes 1905, as amended by chap. 58, Laws of 1909, permits any city to extend its boundaries so as to increase its territory, not to exceed one half its present area, by resolution of the city council passed by two thirds of the entire members elect.

Sec. 2826, as amended by the same act, requires such resolution to be published in the manner therein set forth, and copies posted within the territory proposed to be annexed, and provides that the territory described in such resolution shall be included within, and become a part of the city, unless a written protest signed by a majority of the property owners in the proposed extension is filed as therein provided, and that, if such protest is filed, the council shall hear testimony, make a personal inspection of the territory, when, if in its opinion such territory ought to be annexed, and if, by resolution passed by two thirds of the entire members elect, it shall order such territory to be included within the city, it shall make and cause an order to be made and entered, describing the territory annexed, whereupon the territory described in such resolution shall be included in, and become a part of, the city.

The city council of the city of Grand Forks passed a resolution describing and annexing certain territory to the city. After notice duly given, property owners filed protests against the annexation, whereupon the original resolution was amended so as to include materially less territory than described in the original resolution, and the territory described in the amended resolution was thereupon declared annexed to the city, without the publication or posting of any notice of the amendment or of the proposed annexation of the lesser territory.

It is *held* that the annexation was rendered invalid by this procedure, for the reason that the parties interested had no notice of any contemplated annexation of the territory finally attempted to be annexed, and had no opportunity to protect themselves and their rights as against such annexation. The change from one municipality to another, the increase in the rate of taxation, the added burdens incident to becoming a part of a city, are material to the rights of the parties affected.

**City — annexation of adjacent territory — extraordinary power — statute — compliance with.**

9. The statute referred to, and providing for the annexation of adjacent territory to an incorporated city, must be strictly construed under the doctrine of Stern v. Fargo, 18 N. D. 289, 26 L.R.A.(N.S.) 665, 122 N. W. 403, and because, if valid, it grants cities most extraordinary power by permitting them to annex territory in direct opposition to the wishes and protests of all the people whose interests are to be affected, and because this power is only granted upon a condition precedent, that the statute shall be complied with.

Opinion filed February 5, 1914.

Action by above-named respondents to enjoin the city of Grand Forks and its officers from levying and collecting taxes and exercising jurisdiction over certain territory attempted to be annexed to said

city. From a judgment of the District Court of Grand Forks County in favor of plaintiffs the defendants appeal, *Hon. C. F. Templeton, J.* Affirmed.

Statement by BRUCE, J. The Red River Valley Brick Company, a domestic corporation, School District No. 59, and the township of Falconer, of the county of Grand Forks, brought this action against the city of Grand Forks, its mayor, and auditor. The complaint occupies about thirty pages and need not be set forth at length. We shall refer to the facts found by the trial court, which are not seriously in dispute; in fact, on most of them the parties agree.

The prayer for relief is, "First, that the defendant, the city of Grand Forks, the officers named, and all other officers, agents, and employees, be perpetually restrained and enjoined from asserting, exercising, enjoying, maintaining, or practising any authority, jurisdiction, or power of any nature whatever, upon or over any of the territory described in the resolutions herein set forth, and from claiming and asserting the same to be included within and a part of the said city; second, that the defendant, Sim Miller, particularly, be perpetually enjoined and restrained from assessing, or pretending to assess, or listing for assessment or taxation by the city or Park District or Independent School District No. 1 of Grand Forks, any of the lands described or embraced in said resolutions; third, that the said resolutions and all proceedings had thereunder be adjudged and decreed to be null and void and of no effect; fourth, for such other and further relief as to the court shall seem just and equitable; fifth, for their costs and disbursements herein."

Defendants first appeared specially and objected to the jurisdiction of the court on grounds which need not here be mentioned, and later served an answer. A trial was had and findings of fact made by the trial court covering the material facts sufficient for an understanding of the assignments and to lay the foundation for our decision.

It was founded that the township of Falconer was a public corporation of the state, embracing certain described territory, with an aggregate assessed valuation of real and personal property of $183,517; that School District No. 59 was a public corporation organized and existing for school purposes under the laws of the state, and embraced certain described territory, having an aggregate assessed valuation,

real and personal, of $181,200, and possessed school and other property of the value of several thousand dollars, with no indebtedness; that the city of Grand Forks was a public corporation of the state, duly organized and existing under the provisions of the Political Code, embracing certain territory having an area of 1,572.90 acres, with a total assessed valuation of $4,159,215, an outstanding and unpaid indebtedness of $418,209, and outstanding, unpaid special improvement warrants aggregating $942,178; that the persons named were the mayor, assessor, and auditor of the city; that the Red River Valley Brick Corporation was a domestic corporation, and the owner and in possession of certain real property described, which at all times concerned had been used for, and devoted by it to, the purposes of a brickyard, and the manufacture of brick therein; and that such tract was a part of School District No. 59 and of the township of Falconer, and had never been included in the city of Grand Forks; that a large amount of machinery and property was located therein and used in the manufacture of brick; that such property had been taxed by School District 59, in the township of Falconer, and never by the city of Grand Forks; that there were no dwellings or business houses therein save a small building used a part of each year in which to shelter and board employees; that said plant was used only about four months in each year, and during the remainder of the time stood idle and vacant. Then facts were found showing that about 10 per cent of such tract was deeply excavated in obtaining clay, and that 50 or 60 acres thereof were devoted to farming and pasturage; that at the regular meeting of the city council of Grand Forks, on April 9, 1911, there was introduced a resolution to incorporate certain territory within the city of Grand Forks, and containing 816.52 acres, of which 771.74 acres were then, and prior thereto had been, outside the limits of said city; that the land described in said resolution consisted of at least two separate tracts, belonging to different owners; that such resolution was adopted by the city council; that thereafter the city auditor published such resolution in the official newspaper on certain named dates, including a description of the property to be annexed, with a notice fixing the 2d day of October, 1911, as the time when interested persons might appear and be heard for or against such extension of the city limits; that copies of such resolution and notices were posted as required by law, and thereafter a written

protest signed by a majority of the property owners of the proposed extension was filed with the city auditor, and a personal inspection of such territory was made by the city council; that the regular meeting of the council on October 2d was adjourned from October 2d, 1911 to October 23d, 1911, at which time an amendment to such resolution was proposed and adopted, excluding from the territory described in the original resolution and notice certain described tracts of land, and the description in the original resolution was amended to conform to the amendment so adopted, and the resolution so amended was adopted with a statement of the reasons therefor; that the territory described in the official resolution consisted of at least two separate isolated tracts, not connected with each other, and of many separate tracts belonging to different owners, and embraced the same territory as described in the original resolution, less that eliminated by the amendment, and, as finally adopted, included and embraced 700.89 acres not theretofore included within the limits of the city.

The court also found that the city of Grand Forks constituted the Park District of the city of Grand Forks, and also the Independent School District No. 1, each having powers independent and different from those of the city of Grand Forks; that each was indebted in enormous sums of money, represented by outstanding bonds and warrants; that the tax rate of the city of Grand Forks was 19.3 mills, of the School District 20 mills, of the Park District 2.9 mills, being a total of 42.2 mills; that the tax rate of School District 59 for the same year was 2.7 mills; that the assessed value of real and personal property included within the resolution last named, and taken from School District 59, was $29,308, or 16 per cent of the total assessed value of property within such district; and that by reason thereof the revenue of said district would be diminished 16 per cent, and thereby an increase of the tax rate therein of 19 per cent would be necessary; that the assessed value of the real and personal property taken from Falconer township was $18,439, or 10 per cent of the total assessed valuation of such township; that thereby the revenue of said township would be diminished 10 per cent, and its taxing rate increased 11 per cent; that the taxes upon the property of the Red River Valley Corporation, plaintiff, would be largely and materially increased thereby; that such increase would be from less than 6 mills on the dollar to more than 42

mills on the dollar of their property; and that it would become liable for its proportionate share of the outstanding unpaid indebtedness of the city, Park District, and School District of Grand Forks. The property of the brick company and portions of the territory of the school district and township named were included in the resolution of annexation.

The trial court found from these facts, that the attempted annexation of territory set forth was null and void and of no effect, and entered a decree perpetually enjoining the city and its officials from asserting, exercising, or maintaining any jurisdiction of any nature whatsoever upon or over such territory.

A number of findings of fact presented by the defendants were refused. They, however, need not be specifically mentioned, as they all relate to facts going toward the wisdom or propriety of making the annexation.

*J. B. Wineman,* for appellants.

The complaint and affidavits upon which the injunction issued are insufficient. Kelly v. Pittsburgh, 104 U. S. 78, 26 L. ed. 658; Oliver v. Omaha, 3 Dill. 368, Fed. Cas. No. 10,499; Burnett v. Sacramento, 12 Cal. 84, 73 Am. Dec. 518; Dixon v. Mayes, 72 Cal. 166, 13 Pac. 471; Linton v. Athens, 53 Ga. 588; Cary v. Pekin, 88 Ill. 154, 30 Am. Rep. 543; Stilz v. Indianapolis, 55 Ind. 515; Logansport v. Seybold, 59 Ind. 225; Perkins v. Burlington, 77 Iowa, 553, 42 N. W. 441; Ford v. North Des Moines, 80 Iowa, 626, 45 N. W. 1031; 1 Cooley, Taxn. 3d ed. 245, 246.

Equity will not enjoin the collection of a municipal tax by injunction where the taxing power has been exercised within the limits of the law. Groff v. Frederick City, 44 Md. 67; Manly v. Raleigh, 57 N. C. (4 Jones, Eq.) 370; Graham v. Greenville, 67 Tex. 62, 2 S. W. 742; High, Inj. 4th ed. 521, 522; Continental Hose Co. v. Mitchell, 15 N. D. 145, 105 N. W. 1108; Ogle v. Belleville, 238 Ill. 389, 87 N. E. 354.

Such proceeding does not lie where the tax is not due, and where there is no threat to collect it. Insurance Co. of N. A. v. Bonner, 24 Colo. 220, 49 Pac. 366; Troutman v. McClesky, 7 Tex. Civ. App. 561, 27 S. W. 173, 22 Cyc. 775, 776; Logansport v. Seybold, 59 Ind.

225; Glover v. Terre Haute, 129 Ind. 593, 29 N. E. 412; Kuhn v. Port Townsend, 12 Wash. 605, 29 L.R.A. 445, 50 Am. St. Rep. 911, 41 Pac. 923; Union P. R. Co. v. Cheyenne (Union P. R. Co. v. Ryan) 113 U. S. 516, 28 L. ed. 1098, 5 Sup. Ct. Rep. 601.

Nothing that can be remedied by a suit at law will justify or authorize an injunction. State R. Tax Cases, 92 U. S. 575, 23 L. ed. 669; Arkansas Bldg. & L. Asso. v. Madden, 175 U. S. 269, 44 L. ed. 159, 20 Sup. Ct. Rep. 119; Lyon v. Alley, 130 U. S. 177, 32 L. ed. 899, 9 Sup. Ct. Rep. 480; Milwaukee v. Kœffler, 116 U. S. 219, 29 L. ed. 612, 6 Sup. Ct. Rep. 372; Minneapolis, St. P. & S. Ste. M. R. Co. v. Dickey County, 11 N. D. 107, 90 N. W. 260; Schaffner v. Young, 10 N. D. 245, 86 N. W. 733; St. Anthony & D. Elevator Co. v. Bottineau County (St. Anthony & D. Elevator Co. v. Soucie) 9 N. D. 346, 50 L.R.A. 262, 83 N. W. 212; Chicago & N. W. R. Co. v. Rolfson, 23 S. D. 405, 122 N. W. 344.

The plaintiffs have pursued the wrong remedy. Quo warranto was their proper remedy. State ex rel. Fletcher v. Osburn, 24 Nev. 187, 51 Pac. 839; State ex rel. Anderson v. Tillamook, 62 Or. 332, 124 Pac. 638; State ex rel. French v. Cook, 39 Or. 377, 65 Pac. 89; State v. Millis, 61 Or. 245, 119 Pac. 763; People ex rel. Warren v. York, 247 Ill. 591, 93 N. E. 401; Osborn v. People, 103 Ill. 224; Blake v. People, 109 Ill. 504; Keigwin v. Drainage Comrs. 115 Ill. 347, 5 N. E. 575; Evans v. Lewis, 121 Ill. 478, 13 N. E. 246; Bodman v. Lake Fork Special Drainage Dist. 132 Ill. 439, 24 N. E. 630; People ex rel. Wood v. Jones, 137 Ill. 35, 27 N. E. 294; People ex rel. Sibley v. Dyer, 205 Ill. 575, 69 N. E. 70; Shanley v. People, 225 Ill. 579, 80 N. E. 277.

A private individual will not be permitted to attack the incorporation collaterally and contend that it is not valid. Forsythe v. Hammond, 142 Ind. 505, 30 L.R.A. 576, 40 N. E. 267, 41 N. E. 950; Indianapolis v. McAvoy, 86 Ind. 587; Kuhn v. Port Townsend, 12 Wash. 605, 29 L.R.A. 445, 50 Am. St. Rep. 911, 41 Pac. 923; State ex rel. Lowe v. Henderson, 145 Mo. 329, 46 S. W. 1076; School Dist. v. State, 29 Kan. 57; State ex rel. Brown v. Pierre, 15 S. D. 559, 90 N. W. 1047; Coe v. Gregory, 53 Mich. 19, 18 N. W. 541; McCain v. Des Moines, 128 Iowa, 331, 103 N. W. 979; Mendenhall v. Burton, 42 Kan. 570, 22 Pac. 558.

Laches may defeat *any* right to attack. State v. Leatherman, 38

Ark. 81; State ex rel. West v. Des Moines, 96 Iowa, 521, 31 L.R.A. 186, 59 Am. St. Rep. 381, 65 N. W. 819.

Injunction is not the remedy by which to test the legality of the organization of a municipality. 2 High, Inj. 4th ed. p. 1259; St. Anthony & D. Elevator Co. v. Bottineau County (St. Anthony & D. Elevator Co. v. Soucie) 9 N. D. 346, 50 L.R.A. 262, 83 N. W. 212; Schaffner v. Young, 10 N. D. 253, 86 N. W. 733; Topeka v. Dwyer, 70 Kan. 244, 78 Pac. 417, 3 Ann. Cas. 239; 1 Dill. Mun. Corp. 5th ed. 617; Wilcox v. Tipton, 143 Ind. 241, 42 N. E. 614; Kuhn v. Port Townsend, 12 Wash. 605, 29 L.R.A. 445, 50 Am. St. Rep. 911, 41 Pac. 925; Frace v. Tacoma, 16 Wash. 69, 47 Pac. 220; People v. Ontario, 148 Cal. 625, 84 Pac. 207; Whittaker v. Venice, 150 Ill. 195, 37 N. E. 241; People ex rel. Cooney v. Peoria, 166 Ill. 517, 46 N. E. 1075; McCain v. Des Moines, 174 U. S. 177, 43 L. ed. 939, 19 Sup. Ct. Rep. 644; Glaspell v. Jamestown, 11 N. D. 88, 88 N. W. 1023; State ex rel. Walker v. McLean County, 11 N. D. 360, 92 N. W. 385; Ward v. Gradin, 15 N. D. 653, 109 N. W. 57; Ogle v. Belleville, 238 Ill. 389, 87 N. E. 354; Trumbo v. People, 75 Ill. 561; Nunda v. Chrystal Lake, 79 Ill. 311; Geneva v. Cole, 61 Ill. 397; People ex rel. Huck v. Newberry, 87 Ill. 41; Alderman v. School Directors, 91 Ill. 179; Osborn v. People, 103 Ill. 224; People ex rel. Goedtner v. Pederson, 220 Ill. 554, 77 N. E. 251.

An information in the nature of quo warranto is the proper proceeding to try the question of the legality of the annexation of territory to a municipal corporation. 2 Bailey, Habeas Corpus & Special Remedy, p. 1305; 32 Cyc. 1424; People ex rel. Adams v. Oakland, 92 Cal. 611, 28 Pac. 807; People ex rel. Cooney v. Peoria, 166 Ill. 517, 46 N. E. 1075; People v. Maynard, 15 Mich. 463; State ex rel. Childs v. Crow Wing County, 66 Minn. 519, 35 L.R.A. 745, 68 N. W. 767, 69 N. W. 925, 73 N. W. 631; State ex rel. Crow v. Fleming, 147 Mo. 1, 44 S. W. 758; State ex rel. Brown v. Westport, 116 Mo. 582, 22 S. W. 888; State ex rel. Brown v. McMillan, 108 Mo. 153, 18 S. W. 784; East Dallas v. State, 73 Tex. 371, 11 S. W. 1030; State ex rel. Fullerton v. Des Moines City R. Co. 135 Iowa, 694, 109 N. W. 867; State ex rel. Harmis v. Alexander, 129 Iowa, 539, 105 N. W. 1021; State v. Independent School Dist. 29 Iowa, 264; People ex rel. Warren v. York, 247 Ill. 591, 93 N. E. 400; McCain v. Des Moines, 128 Iowa, 331,

103 N. W. 979; People v. Ontario, 148 Cal. 625, 84 Pac. 205; State ex rel. West v. Des Moines, 96 Iowa, 521, 31 L.R.A. 186, 59 Am. St. Rep. 381, 65 N. W. 818; Stuart v. School Dist. 30 Mich. 69; Mendenhall v. Burton, 42 Kan. 570, 22 Pac. 558; St. Louis v. Shields, 62 Mo. 247; State ex rel. Hoya v. Dunson, 71 Tex. 65, 9 S. W. 103; Harness v. State, 76 Tex. 566, 13 S. W. 535; Butler v. Walker, 98 Ala. 358, 39 Am. St. Rep. 61, 13 So. 261; State ex rel. Cole v. New Whatcom, 3 Wash. 7, 10, 27 Pac. 1020; State ex rel. Anderson v. Tillamook, 62 Or. 332, 124 Pac. 641; Velasquez v. Zimmerman, 30 Colo. 355, 70 Pac. 420; McDonald v. Rehrer, 22 Fla. 198; State ex rel. Walker v. McLean County, 11 N. D. 356, 92 N. W. 385; Ward v. Gradin, 15 N. D. 649, 109 N. W. 57.

The validity of the incorporation can be determined only in a suit for that purpose in the name of the state, or by some individual under the authority of the state, who has a special interest. Topeka v. Dwyer, 70 Kan. 244, 78 Pac. 417, 3 Ann. Cas. 239; School Dist. v. Fremont County, 15 Wyo. 73, 86 Pac. 24, 11 Ann. Cas. 1058; Keech v. Joplin, 157 Cal. 1, 106 Pac. 222; Reclamation Dist. v. McPhee, 13 Cal. App. 382, 109 Pac. 1106; Metcalfe v. Merritt, 14 Cal. App. 244, 111 Pac. 505; Constitution v. Chestnut Hill Cemetery Asso. 136 Ga. 778, 71 S. E. 1037; People ex rel. Wies v. Bowman, 247 Ill. 276, 93 N. E. 244; People ex rel. Vaughn v. Welch, 252 Ill. 167, 96 N. E. 991; School Dist. v. Jones, 229 Mo. 510, 129 S. W. 705; Stout v. St. Louis, I. M. & S. R. Co. 142 Mo. App. 1, 125 S. W. 230; School Dist. v. Young, 152 Mo. App. 304, 133 S. W. 143; O'Brien v. Schneider, 88 Neb. 479, 129 N. W. 1002; Prankard v. Cooley, 147 App. Div. 145, 132 N. Y. Supp. 289; 147 App. Div. 935, 132 N. Y. Supp. 1143; Ex parte Keeling, 54 Tex. Crim. Rep. 118, 130 Am. St. Rep. 884, 121 S. W. 605; Ex parte Koen, 58 Tex. Crim. Rep. 279, 125 S. W. 401; Coffman v. Goree Independent School Dist. — Tex. Civ. App. —, 141 S. W. 132.

Neither are such proceedings subject to collateral attack. Hatch v. Consumers' Co. 17 Idaho, 204, 40 L.R.A.(N.S.) 263, 104 Pac. 670; Ogle v. Belleville, 238 Ill. 389, 87 N. E. 353, 143 Ill. App. 514; People ex rel. Warren v. York, 247 Ill. 591, 93 N. E. 400; Johnson v. Indianapolis, 174 Ind. 691, 93 N. E. 17; Meffert v. Brown, 132 Ky. 201, 116 S. W. 779, 1177; Powell v. Scranton, 39 Pa. Super. Ct. 488;

27 N. D.—2.

Missouri, K. & T. R. Co. v. Bratcher, 54 Tex. Civ. App. 10, 118 S. W. 1091; State ex rel. West v. Des Moines, 96 Iowa, 521, 31 L.R.A. 186, 59 Am. St. Rep. 381, 65 N. W. 818; Topeka v. Dwyer, 70 Kan. 244, 78 Pac. 417, 3 Ann. Cas. 239; Albia v. O'Harra, 64 Iowa, 297, 20 N. W. 444; Powell v. Greensburg, 150 Ind. 148, 49 N. E. 955; Schriber v. Langlade, 66 Wis. 616, 29 N. W. 547, 554; Sage v. Plattsmouth, 48 Neb. 558, 67 N. W. 455; People v. Smith, 131 Mich. 70, 90 N. W. 666; People ex rel. Quisenberry v. Ellis, 253 Ill. 369, 97 N. E. 697, Ann. Cas. 1913A, 589; 1 Dill. Mun. Corp. 4th ed. art. 43a; Blackwell v. Newkirk, 31 Okla. 304, 121 Pac. 270, Ann. Cas. 1913E, 441; Clement v. Everest, 29 Mich. 22; Atchison, T. & S. F. R. Co. v. Wilson, 33 Kan. 223, 6 Pac. 281; Quint v. Hoffman, 103 Cal. 506, 37 Pac. 514, 777; Reclamation Dist. v. Turner, 104 Cal. 335, 37 Pac. 1039; Metcalfe v. Merritt, 14 Cal. App. 244, 111 Pac. 506; People ex rel. Longress v. Board of Education, 101 Ill. 308, 40 Am. Rep. 196; State ex rel. Fletcher v. Osburn, 24 Nev. 187, 51 Pac. 839; State ex rel. Brown v. Wilson, 216 Mo. 215, 115 S. W. 567; School Directors v. School Directors, 135 Ill. 464, 28 N. E. 50; State ex rel. Childs v. Crow Wing County, 66 Minn. 519, 35 L.R.A. 745, 68 N. W. 767, 69 N. W. 926, 73 N. W. 631; People ex rel. Scrafford v. Gladwin County, 41 Mich. 647, 2 N. W. 904; Laws 1879, chap. 14, § 25; State v. Bradford, 32 Vt. 50; People ex rel. Kingsland v. Clark, 70 N. Y. 518; Chesshire v. People, 116 Ill. 493, 6 N. E. 486; Comp. Laws, 5348, Subdiv, 3; Territory ex rel. District Attorney v. Armstrong, 6 Dak. 226, 50 N. W. 832.

Even certiorari would be a proper remedy. State ex rel. Johnson v. Clark, 21 N. D. 517, 131 N. W. 715, 6 Cyc. 745.

The plaintiffs are guilty of laches. Valparaiso v. Gardner, 97 Ind. 1, 49 Am. Rep. 416; Johnson v. Indianapolis, 16 Ind. 227; Newman v. Sylvester, 42 Ind. 106; Madison v. Smith, 83 Ind. 502; Swift v. Williamsburgh, 24 Barb. 427; Black v. Brinkley, 54 Ark. 372, 15 S. W. 1030; Coler v. Dwight School Twp. 3 N. D. 249, 28 L.R.A. 649, 55 N. W. 587; State ex rel. Minot v. Willis, 18 N. D. 76, 118 N. W. 320; Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499.

The plaintiffs are estopped by their laches and acquiescence. 28 Cyc. 214, and cases cited; People v. Maynard, 15 Mich. 463; Jameson

v. People, 16 Ill. 257, 63 Am. Dec. 304; Speer v. Kearney County, 32
C. C. A. 101, 60 U. S. App. 38, 88 Fed. 762; State ex rel. Walker v.
McLean County, 11 N. D. 356, 92 N. W. 388; State ex rel. Madderson
v. Nohle, 16 N. D. 168, 125 Am. St. Rep. 628, 112 N. W. 141; State
ex rel. West v. Des Moines, 96 Iowa, 521, 31 L.R.A. 186, 59 Am.
St. Rep. 381, 65 N. W. 818; State v. Leatherman, 38 Ark. 81; People
ex rel. Atty. Gen. v. Alturus County, 6 Idaho, 418, 44 L.R.A. 122, 55
Pac. 1067; School Dist. v. State, 29 Kan. 62; Yankton County v.
Klemisch, 11 S. D. 170, 76 N. W. 312; State ex rel. Minot v. Willis,
18 N. D. 76, 118 N. W. 820.

Two or more taxpayers of a district, having no unity of interest ex-
cept such as is common to all the taxpayers, cannot maintain such ac-
tion.   Wood v. Bangs, 1 Dak. 179, 46 N. W. 586.

The city council had the right to amend the original resolution in
the manner done.   When the legislature gives power to a public body
to do a certain public act, it follows that such public body has power
to do all things at any and all times necessary to carry out such pur-
pose.   Catterlin v. Frankfort, 87 Ind. 50; Peru v. Bearss, 55 Ind. 577;
Windman v. Vincennes, 58 Ind. 480; Chandler v. Kokomo, 137 Ind.
295, 36 N. E. 847; Crume v. Wilson, 104 Ind. 583, 4 N. E. 169;
Coolman v. Fleming, 82 Ind. 117; Burns v. Simmons, 101 Ind. 557,
1 N. E. 72; Metty v. Marsh, 124 Ind. 18, 23 N. E. 702; McKeen
v. Porter, 134 Ind. 483, 34 N. E. 223; Wilcox v. Tipton, 143 Ind. 241,
42 N. E. 616.

Plaintiffs cannot take advantage of an irregularity which in no way
is injurious to them.   People ex rel. Peck v. Los Angeles, 154 Cal. 220,
97 Pac. 312; People ex rel. Warren v. York, 247 Ill. 591, 93 N. E.
400; People ex rel. Cuff v. Oakland, 123 Cal. 598, 56 Pac. 445; State
ex rel. Brown v. Westport, 116 Mo. 582, 22 S. W. 888; McQuillin,
Mun. Ord. 314.

*Geo. R. Robbins* and *Geo. A. Bangs,* for respondent.

The plaintiff, to maintain quo warranto, must have a private inter-
est in the action and in the subject-matter thereof; he must have a claim
to the *office* or *franchise.*   Wishek v. Becker, 10 N. D. 63, 84 N. W.
590; Jenness v. Clark, 21 N. D. 150, 129 N. W. 357, Ann. Cas. 1913B,
675.

Quo warranto is not the proper proceeding under the circumstances

of this case. High, Extr. Leg. Rem. 618; 2 Spelling, Extr. Relief, §
1802; People ex rel. Farrington v. Whitcomb, 55 Ill. 172; Stultz v.
State, 65 Ind. 492; North Birmingham v. State, 166 Ala. 122, 139 Am.
St. Rep. 17, 52 So. 202, 21 Ann. Cas. 1123; Delphi v. Startzman, 104
Ind. 344, 3 N. E. 937; Lutien v. Kewaunee, 143 Wis. 242, 126 N. W.
662, 127 N. W. 942.

Injunction is the proper and adequate remedy. 28 Cyc. 212; 20
Am. & Eng. Enc. Law, 1154; 1 High Inj. §§ 547–1254; 1 McQuillin,
Mun. Ord. § 288; 2 Spelling, Extr. Relief, § 1802; High, Extr. Leg.
Rem. § 618; Pueblo v. Stanton, 45 Colo. 523, 102 Pac. 512; North
Birmingham v. State, 166 Ala. 122, 139 Am. St. Rep. 17, 52 So. 202,
21 Ann. Cas. 1123; Macon v. Hughes, 110 Ga. 795, 36 S. E. 247; Ros-
well v. Ezzard, 128 Ga. 43, 57 S. E. 114; Hyde Park v. Chicago, 124
Ill. 156, 16 N. E. 222; East Springfield v. Springfield, 238 Ill. 534, 87
N. E. 349; Morgan Park v. Chicago, 255 Ill. 190, 99 N. E. 388, Ann.
Cas. 1913D, 399; Delphi v. Startzman, 104 Ind. 343, 3 N. E. 937;
Stultz v. State, 65 Ind. 492; Layton v. Monroe, 50 La. Ann. 121, 23 So.
99; Dees v. Lake Charles, 50 La. Ann. 356, 23 So. 382; Pittsburg's
Appeal, 79 Pa. 317; Sample v. Pittsburg, 212 Pa. 533, 62 Atl. 201;
Lutien v. Kewaunee, 143 Wis. 242, 126 N. W. 662, 127 N. W. 942;
Wilton v. Pierce County, 61 Wash. 386, 112 Pac. 386; Morris v. Nash-
ville, 6 Lea, 337.

Equity will take jurisdiction, and an injunction will issue to pre-
serve the status pending the rearrangement of territorial boundaries of
subordinate governmental agencies. State ex rel. Miller v. Miller, 21
N. D. 324, 131 N. W. 282; State ex rel. Dorgan v. Fisk, 15 N. D.
219, 107 N. W. 191; Brown v. Trent, 36 Okla. 239, 128 Pac. 895;
Morrill v. Morrill, 20 Or. 96, 11 L.R.A. 155, 23 Am. St. Rep. 97,
25 Pac. 362; Burke v. Inter-State Sav. F. & L. Asso. 25 Mont. 315, 87
Am. St. Rep. 416, 64 Pac. 879.

Certiorari was not the proper remedy, for it would only have brought
up the *record* to the district court. Rev. Codes 1905, § 7810; Re
Evingson, 2 N. D. 184, 33 Am. St. Rep. 768, 49 N. W. 733; State ex
rel. Johnson v. Clark, 21 N. D. 517, 131 N. W. 715; 6 Cyc. 789; 4
Enc. Pl. & Pr. 12; State ex rel. Keller v. County Ct. 135 Mo. App. 143,
116 S. W. 14; Highway Comrs. v. Smith, 217 Ill. 250, 75 N. E. 396.

Many other matters *dehors* the record are here involved. Lutien v. Kewaunee, 143 Wis. 242, 126 N. W. 662, 127 N. W. 942.

The mere fact that there may be a remedy at law is not in itself sufficient ground for refusing relief by injunction. 1 High. Inj. § 30, p. 47; J. K. & W. H. Gilcrest Co. v. Des Moines, 128 Iowa, 49, 102 N. W. 831; Hall v. Dunn, 52 Or. 475, 25 L.R.A.(N.S.) 193, 97 Pac. 811; Guernsey v. McHaley, 52 Or. 555, 98 Pac. 158; Dumont v. Peet, 152 Iowa, 524, 132 N. W. 955; Lutien v. Kewaunee, 143 Wis. 242, 126 N. W. 662, 127 N. W. 942.

The plaintiffs are not guilty of laches, but have been diligent in the protection of their rights. 24 Cyc. 840; 22 Cyc. 777.

The township and school district are trustees of the governmental functions of the state within this territory, and as such have full right to protect themselves from unlawful interference therein. Hyde Park v. Chicago, 124 Ill. 160, 16 N. E. 222; Cicero v. Chicago, 182 Ill. 301, 55 N. E. 351; East Springfield v. Springfield, 238 Ill. 534, 87 N. E. 349; Morgan Park v. Chicago, 255 Ill. 190, 99 N. E. 388, Ann. Cas. 1913D, 399; Laws of 1911, chap. 266, § 37; Rev. Codes 1905, §§ 3058–3060; Greenfield School Dist. v. Hannaford Special School Dist. 20 N. D. 393, 127 N. W. 499.

The city must exercise the powers delegated to it strictly according to the prescribed methods. All doubts are resolved against the city. Stern v. Fargo, 18 N. D. 296, 26 L.R.A.(N.S.) 665, 122 N. W. 403.

Where a person attempts to enforce a right grounded in or flowing out of an office, he must show a legal right to such office. 8 Am. & Eng. Enc. Law, 2d ed. 804.

The filing of the plat or map was an essential part of the annexation proceedings. The failure to file the plat creates the presumption that the law has not been complied with, and the city has failed to overcome such presumption. Rev. Codes 1905, §§ 2827, 7313; Galehouse v. Minneapolis, St. P. & S. Ste. M. R. Co. 22 N. D. 615, 47 L.R.A.(N.S.) 965, 135 N. W. 189; State ex rel. Johnson v. Ely, 23 N. D. 619, 137 N. W. 834; Abbott, Trial Ev. p. 24, § 3; 20 Am. & Eng. Enc. Law, 2d ed. 748, 760 and 767; Hudson v. Green Hill Seminary Corp. 113 Ill. 626; Shaffner v. St. Louis, 31 Mo. 272; Hopkins v. Kansas City, St. J. & C. B. R. Co. 79 Mo. 98; Orrick School Dist. v. Dorton, 125 Mo. 439, 28 S. W. 765; Re Brooklyn W. & N. R. Co. 72 N. Y. 249;

Brooklyn Steam Transit Co. v. Brooklyn, 78 N. Y. 530; New York Cable Co. v. New York, 104 N. Y. 43, 10 N. E. 332; Harbeck v. Toledo, 11 Ohio St. 219; Welker v. Potter, 18 Ohio St. 85; Chicago City R. Co. v. Allerton, 18 Wall. 233, 21 L. ed. 902; Tulare Irrig. Dist. v. Shepard, 185 U. S. 1, 17, 46 L. ed. 773, 22 Sup. Ct. Rep. 531.

The governmental computations shall be conclusive or prima facie evidence of the area of the governmental subdivisions. They are *conclusive* as between the government and private parties; between private parties, after title has passed, they are prima facie correct. Heald v. Yumisko, 7 N. D. 422, 75 N. W. 807; Black v. Walker, 7 N. D. 414, 75 N. W. 787; Radford v. Johnson, 8 N. D. 182, 77 N. W. 601; Nystrom v. Lee, 16 N. D. 561, 114 N. W. 478.

Courts will take judicial notice of the area as computed by the government. Rev. Codes 1905, § 7319, subdivs. 48, 49 and 51; 2 Enc. Ev. 972, and 976; Blair v. Brown, 17 Wash. 570, 50 Pac. 483; Keystone Mills Co. v. Peach River Lumber Co. — Tex. Civ. App. —, 96 S. W. 64; Christ v. Fent, 16 Okla. 375, 84 Pac. 1074; Smith v. Rich, 37 Mich. 549; Beeman v. Black, 49 Mich. 598, 14 N. W. 560.

The area of the city must be more than 1,632 acres to warrant the annexation of the area embraced within the original resolution, which was 816.52 acres. Stern v. Fargo, 18 N. D. 296, 26 L.R.A.(N.S.) 665, 122 N. W. 403.

The power to incorporate cities and villages carries the implied limitation that the territory so to be incorporated must be suitable for the purpose. Cooley, Const. Lim. 7th ed. p. 221; State ex. rel. Childs v. Minnetonka, 57 Minn. 526, 25 L.R.A. 755, 59 N. W. 972; State ex rel. Childs v. Fridley Park, 61 Minn. 146, 63 N. W. 613; State ex rel. Railroad & W. Comrs. v. Minneapolis & St. L. R. Co. 76 Minn. 469, 79 N. W. 510; State ex rel. Douglas v. Holloway, 90 Minn. 271, 96 N. W. 40; State ex rel. Young v. Harris, 102 Minn. 340, 13 L.R.A.(N.S.) 533, 113 N. W. 887, 12 Ann. Cas. 260; Chicago & N. W. R. Co. v. Oconto, 50 Wis. 189, 6 N. W. 607; State ex rel. Holland v. Lammers, 113 Wis. 411, 86 N. W. 677, 89 N. W. 501; Fenton v. Ryan, 140 Wis. 353, 122 N. W. 756.

The addition of an undue amount of land not used for city purposes would render the extension unreasonable. State ex rel. Childs v. Minnetonka, 57 Minn. 526, 25 L.R.A. 755, 59 N. W. 972; State ex rel. Childs

v. Fridley Park, 61 Minn. 146, 63 N. W. 613; State ex rel. Railroad & W. Comrs. v. Minneapolis & St. L. R. Co. 76 Minn. 469, 79 N. W. 510; State ex rel. Douglas v. Holloway, 90 Minn. 271, 96 N. W. 40; State ex rel. Young v. Harris, 102 Minn. 340, 13 L.R.A.(N.S.) 533, 113 N. W. 887, 12 Ann. Cas. 260; Chicago & N. W. R. Co. v. Oconto, 50 Wis. 189, 6 N. W. 607; Smith v. Sherry, 50 Wis. 210, 6 N. W. 561; State ex rel. Holland v. Lammers, 113 Wis. 398, 411, 86 N. W. 677, 89 N. W. 501; Fenton v. Ryan, 140 Wis. 353, 122 N. W. 756; State ex rel. Patterson v. McReynolds, 61 Mo. 203; State ex rel. Hammond v. Dimond, 44 Neb. 160, 62 N. W. 498; Vestal v. Little Rock, 54 Ark. 321, 11 L.R.A. 778, 782, 15 S. W. 891, 16 S. W. 291; People ex rel. Shumway v. Bennett, 29 Mich. 451, 18 Am. Rep. 107; Cooley, Const. Lim. 7th ed. p. 721; East Dallas v. State, 73 Tex. 370, 11 S. W. 1030; State ex rel. Taylor v. Edison, 76 Tex. 302, 7 L.R.A. 733, 13 S. W. 263; Ewing v. State, 81 Tex. 177, 16 S. W. 872; State ex rel. Major v. Kansas City, 233 Mo. 162, 134 S. W. 1007.

Lands used for hay are lands used for farming purposes. 3 Words & Phrases, 2695; Re Drake, 114 Fed. 231; State v. Kennedy, 98 N. C. 657, 4 S. E. 47; 19 Cyc. 456; Worley v. Naylor, 6 Minn. 192, Gil. 123; People ex rel. Rogers v. Caldwell, 142 Ill. 441, 32 N. E. 691; Williams v. Chicago & N. W. R. Co. 228 Ill. 597, 81 N. E. 1133; 6 Words & Phrases, 5228.

The amended or final resolution passed by the city council is entirely different from the original resolution, and has never been adopted. Peru v. Bearss, 55 Ind. 576; Wilcox v. Tipton, 143 Ind. 241, 42 N. E. 614; Pittsburg's Appeal, 79 Pa. 317.

The legislature cannot *delegate* its *power* to *make* a law; but it can make a law to delegate a power to determine some fact or state of things upon which the law makes, or intends to make, its own action depend. Glaspell v. Jamestown, 11 N. D. 88, 88 N. W. 1023; Locke's Appeal, 72 Pa. 498, 13 Am. Rep. 716; State ex rel. Dome v. Wilcox, 45 Mo. 464.

The annexation of territory to a city, or the extension of the boundaries thereof, in law is the incorporation of the annexed territory. State ex rel. Johnson v. Clark, 21 N. D. 526, 131 N. W. 715; Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023; Dill. Mun. Corp. 5th ed. 355; Topeka v. Dwyer, 70 Kan. 244, 78 Pac. 417, 3 Ann. Cas. 239;

People ex rel. Scholler v. Long Beach, 155 Cal. 604, 102 Pac. 664; Ex parte Pritz, 9 Iowa, 30; McGregor v. Baylies, 19 Iowa, 43; State ex rel. West v. Des Moines, 96 Iowa, 521, 31 L.R.A. 186, 59 Am. St. Rep. 381, 65 N. W. 818.

The law in question is special, private, and local legislation. Cooley, Const. Lim. 7th ed. 163, 166 and 171; State v. Copeland, 66 Minn. 315, 34 L.R.A. 777, 61 Am. St. Rep. 410, 69 N. W. 27; Pacific Junction v. Dyer, 64 Iowa, 38, 19 N. W. 862; State v. Williams, 158 N. C. 610, 40 L.R.A.(N.S.) 279, 73 S. E. 1000; State ex rel. Bump v. Omaha & C. B. R. & Bridge Co. 113 Iowa, 30, 52 L.R.A. 315, 86 Am. St. Rep. 357, 84 N. W. 983.

Boundaries of a city or municipality are essential; they must be clearly and accurately defined. 20 Am. & Eng. Enc. Law, 2d ed. 1148; Roswell v. Ezzard, 128 Ga. 43, 57 S. E. 114; Warren v. Branan, 109 Ga. 835, 35 S. E. 383; Western P. R. Co. v. Southern P. Co. 80 C. C. A. 606, 151 Fed. 376; Little Rock v. Parish, 36 Ark. 172; People ex rel. Adams v. Oakland, 92 Cal. 611, 28 Pac. 807.

The defining of the territory fixing the boundaries thereof is a legislative act. Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023; State ex rel. Johnson v. Clark, 21 N. D. 526, 131 N. W. 715; State ex rel. Holland v. Lammers, 113 Wis. 416, 86 N. W. 677, 89 N. W. 801.

The acts of the council were illegal and void. Prince George's County v. Bladensburg, 51 Md. 465; Elliott v. Detroit, 121 Mich. 611, 84 N. W. 820; State ex rel. Mueller v. Thompson, 149 Wis. 488, 43 L.R.A.(N.S.) 339, 137 N. W. 20, Ann. Cas. 1913C, 774.

In changing the boundaries of a municipal corporation, the legislative power is exercised; it is an incident of incorporation, and an amendment to the charter. Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023; State ex rel. Johnson v. Clark, 21 N. D. 517, 131 N. W. 715; Topeka v. Dwyer, 70 Kan. 244, 78 Pac. 417, 3 Ann. Cas. 239; People ex rel. Scholler v. Long Beach, 155 Cal. 604, 102 Pac. 664; Ex parte Pritz, 9 Iowa, 30; McGregor v. Baylies, 19 Iowa, 43; State ex rel. West v. Des Moines, 96 Iowa, 521, 31 L.R.A. 186, 59 Am. St. Rep. 381, 65 N. W. 818.

The legislature may not delegate its legislative power, except as to local matters, to muni~ipal corporation for local self-government.

Const. § 25; Cooley, Const. Lim. 7th ed. 65, 165 and 261; 8 Cyc. 830; Erskine v. Nelson County, 4 N. D. 66, 27 L.R.A. 696, 58 N. W. 348; Doherty v. Ransom County, 5 N. D. 1, 63 N. W. 148; Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023; State ex rel. Rusk v. Budge, 14 N. D. 532, 105 N. W. 724; Morton v. Holes, 17 N. D. 154, 115 N. W. 256; People ex rel. Bolt v. Riordan, 73 Mich. 508, 41 N. W. 482; State ex rel. Atty. Gen. v. O'Neill, 24 Wis. 153; Dowling v. Lancashire Ins. Co. 92 Wis. 63, 31 L.R.A. 112, 65 N. W. 738; Re North Milwaukee, 93 Wis. 616, 33 L.R.A. 638, 67 N. W. 1033; State ex rel. Williams v. Sawyer County, 140 Wis. 634, 123 N. W. 248; State v. Great Northern R. Co. 100 Minn. 445, 10 L.R.A.(N.S.) 250, 111 N. W. 289; State ex rel. Young v. Brill, 100 Minn. 499, 111 N. W. 294, 639, 10 Ann. Cas. 425; Brenke v. Belle Plaine, 105 Minn. 84, 117 N. W. 157; Merchants' Exch. v. Knott, 212 Mo. 616, 111 S. W. 565; State v. Butler, 105 Me. 91, 24 L.R.A.(N.S.) 744, 73 Atl. 560, 18 Ann. Cas. 484; State ex rel. Hahn v. Young, 29 Minn. 474, 9 N. W. 737; State ex rel. Luley v. Simons, 32 Minn. 540, 21 N. W. 750; Bowles v. Landaff, 59 N. H. 192; Gould v. Raymond, 59 N. H. 276; Re Griner, 16 Wis. 424; Smith v. Janesville, 26 Wis. 291; Slinger v. Henneman, 38 Wis. 504; Ryan v. Outagamie County, 80 Wis. 336, 50 N. W. 340; Dowling v. Lancashire Ins. Co. 92 Wis. 63, 31 L.R.A. 112, 65 N. W. 738; Re North Milwaukee, 93 Wis. 616, 33 L.R.A. 638, 67 N. W. 1033; State ex rel. Adams v. Burdge, 95 Wis. 390, 37 L.R.A. 157, 60 Am. St. Rep. 123, 70 N. W. 347; Adams v. Beloit, 105 Wis. 363, 47 L.R.A. 441, 81 N. W. 869; State ex rel. Boycott v. LaCrosse, 107 Wis. 654, 84 N. W. 242; State ex rel. Holland v. Lammers, 113 Wis. 398, 86 N. W. 677, 89 N. W. 501; Borgman v. Antigo, 120 Wis. 296, 97 N. W. 936; State ex rel. Milwaukee Medical College v. Chittenden, 127 Wis. 468, 107 N. W. 500; Nash v. Fries, 129 Wis. 120, 108 N. W. 210; State ex rel. Faber v. Hinkel, 131 Wis. 103, 111 N. W. 217; Minneapolis, St. P. & S. Ste. M. R. Co. v. Railroad Commission, 136 Wis. 146, 17 L.R.A.(N.S.) 821, 116 N. W. 905; State ex rel. Williams v. Sawyer County, 140 Wis. 634, 123 N. W. 248; State ex rel. Van Alstine v. Frear, 142 Wis. 320, 125 N. W. 961, 20 Ann. Cas. 633; State ex rel. Mueller v. Thompson, 149 Wis. 488, 43 L.R.A.(N.S.) 339, 137 N. W. 20, Ann. Cas. 1913C, 774.

Under the constitutional authority, it is universally held that the

charter cannot authorize its own amendment so as to provide for the annexation of territory; the general law enacted by the legislature controls. People ex rel. Connolly v. Coronado, 100 Cal. 571, 35 Pac. 162; People ex rel. Cuff v. Oakland, 123 Cal. 598, 56 Pac. 445; Fragley v. Phelan, 126 Cal. 383, 58 Pac. 923; People v. Ontario, 148 Cal. 625, 84 Pac. 205; People ex rel. Peck v. Los Angeles, 154 Cal. 228, 97 Pac. 311; People ex rel. Scholler v. Long Beach, 155 Cal. 604, 102 Pac. 664; State ex rel. Snell v. Warner, 4 Wash. 773, 17 L.R.A. 263, 31 Pac. 25; State ex rel. Anderson v. Tillamook, 62 Or. 332, 124 Pac. 637; Thurber v. McMinnville, 63 Or. 410, 128 Pac. 43; Landess v. Cottage Grove, 64 Or. 155, 129 Pac. 537.

A conditional or alternative law must be complete in itself, and not leave a question of public policy or legislative discretion to any person or board. Cooley, Const. Lim. 7th ed. 164; Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023; State ex rel. Rusk v. Budge, 14 N. D. 532, 105 N. W. 724; Morton v. Holes, 17 N. D. 154, 115 N. W. 256; State v. Great Northern R. Co. 100 Minn. 445, 10 L.R.A.(N.S.) 250, 111 N. W. 289; State ex rel. Williams v. Sawyer County, 140 Wis. 634, 123 N. W. 248; Re North Milwaukee, 93 Wis. 617, 33 L.R.A. 638, 67 N. W. 1033; State ex rel. Pearson v. Hayes, 61 N. H. 264; Locke's Appeal, 72 Pa. 498, 13 Am. Rep. 716; Paterson v. Society for Establishing Useful Manufactures, 24 N. J. L. 395.

The act in question grants to the city the power to absorb and dissolve adjacent municipalities. It is in violation of the rights of the inhabitants of such adjacent territory. Cooley, Const. Lim. 7th ed. 65, 165 and 261; Vallelly v. Park Comrs. 16 N. D. 25, 15 L.R.A. (N.S.) 61, 111 N. W. 615; Morton v. Holes, 17 N. D. 154, 115 N. W. 256; People ex rel. Shumway v. Bennett, 29 Mich. 451, 18 Am. Rep. 107; People ex rel. Bolt v. Riordan, 73 Mich. 508, 41 N. W. 482; State ex rel. Pearson v. Hayes, 61 N. H. 264; Gould v. Raymond, 59 N. H. 276.

SPALDING, Ch. J. (after stating the facts as above). The appellants submit six reasons why it is contended that the judgment should be reversed:

1. That the question is political, and therefore not cognizable judicially.

In general, the method and desirability of extending corporate limits are legislative questions. They relate to the public interests, and whether they will be subserved by the creation of a municipality or the extension of its limits, and, in so far as the expediency or wisdom of the annexation in question was involved, the legislature delegated the power to determine such questions, under certain limitations, to the city council of Grand Forks; but those questions are at most only indirectly involved in the present proceeding.

The question as to whether the power conferred upon the city council has been legally exercised, whether the statute under which it acts is constitutional, what the effect of any irregularities or omissions in pursuing the method prescribed by the statute may be, and other similar questions, are for judicial determination. The creation or extension is a legislative or political function, but courts may determine what are the corporate limits already established, whether what is claimed to be a corporation is a corporation, and whether the legislative authority has been exceeded by the city in its attempts to extend its boundaries. Glaspell v. Jamestown, 11 N. D. 86, 88 N. W. 1023. To the cited case we make reference for a more exhaustive discussion of this question, which need not be repeated here. In the case at bar, the main questions, and those only which we find it necessary to decide, relate to the validity of the proceedings, and not to the policy of annexation, hence this point cannot be sustained. See also Pueblo v. Stanton, 45 Colo. 523, 102 Pac. 512.

2. The next point made by appellant is that questions for determination in this action are not proper subjects for consideration in equity; in other words, that either quo warranto or certiorari is the proper remedy, and that injunction cannot be availed of.

(a) As to quo warranto. Sec. 7351, Rev. Codes 1905, says: "An action may be commenced by the state, or any person who has a special interest in the action, against the parties offending, in the following cases: 1. When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authorities of this state. . . . " The relators are duly elected and qualified officials of the city of Grand Forks. They are not usurpers in the offices which they fill. Neither have they intruded themselves into such

offices, and there is no claim that they are unlawfully holding or exercising the offices to which they were elected, and for which they qualified. No one has asserted a right to fill the same offices or either of them.

The substance of the respondents' contention is that the complaint alleges that they exceeded their jurisdiction by doing, and threatening to do, franchise acts beyond the limits of the city of Grand Forks, over territory claimed by respondents to have been illegally annexed to that city; that they are charged with going outside the limits of the city of Grand Forks to exercise their offices, to wit, into territory belonging in a certain township and a separate school district, and upon premises of private individuals, the result of which will be that the domicil of residents of the territory attempted to be annexed will be changed from the municipality of Falconer township into the city of Grand Forks, and · from School District 59 into the school district comprised in the city; that thereby their relations to municipal affairs will be changed, and the burden of taxation enormously increased, and all without warrant of law, or at least without compliance with the law which has been enacted, fixing the methods to be pursued to bring about such changes.

We are of the opinion that the section in question, which is the one relating to proceedings in the nature of quo warranto, was not intended to correct an abuse of excess in the use of an office or franchise; that the legislative intent was to provide a method of removing one from an office, who was a usurper therein, and to prevent the usurpation of a franchise; that is, to prevent the exercise of a franchise not in existence. These officials and their acts are not of such character as to bring them within the terms of this section, but if the proceedings by which it is claimed the additional territory was annexed to the city of Grand Forks are invalid, they are simply going outside the territory over which they have jurisdiction, and performing acts under color of law which are unofficial and void, if not ratified.

Our conclusions are supported by the consideration of other sections of our Code. Sec. 7353 provides for setting forth the name of the person rightfully entitled to the office, in addition to the other allegations of the complaint in quo warranto, with a statement of the right of such person to the office, and for the arrest of the usurper. Sec. 7354 provides that in every such case judgment shall be rendered

upon the right of the defendant and also upon the right of the party so alleged to be entitled, or only upon the right of the defendant, as justice shall require. This latter phrase is undoubtedly incorporated in the section with reference to actions wherein the court may find that neither party is entitled to the office. Sec. 7355 provides for the qualification of the complainant when he is found to be entitled to the office, and for his making a demand for the books and papers belonging to the office from which he may have been excluded. Sec. 7356 makes the defendant in such case, if he refuses or neglects to deliver the official property on demand, guilty of a misdemeanor, and provides how the prevailing party shall be put in possession. Other sections, which need not be here referred to, have more or less bearing upon the subject, and shed some light on it.

The identical question involved in the case at bar was passed upon in North Birmingham v. State, 166 Ala. 122, 139 Am. St. Rep. 17, 52 So. 202, 21 Ann. Cas. 1123. Proceedings in the nature of quo warranto were brought in the name of the state on the relation of private citizens against the city of North Birmingham and its officers, to test the validity of the extension of the corporate limits made by an order and decree of the probate court. Sec. 5453 of the Code of 1907 of Alabama was identical in substance with § 7351, Rev. Codes 1905 of North Dakota. In that case the information and proof showed that the respondents were legal officers of North Birmingham, and the complaint was that they were exceeding their jurisdiction by doing, or threatening to do, charter or franchise acts beyond the limits of North Birmingham, over territory which it was claimed had been illegally annexed to North Birmingham. The court says: "This would not be the unlawful holding or exercise of a public office, or the unlawful holding or exercise of a franchise. They are properly in office, and the franchise that they are using is not questioned, nor are the acts complained of unauthorized. They are merely charged with going beyond the limits of jurisdiction in the exercise of an office of franchise. Sec. 5453 was not intended to correct a mere abuse or excessive use of an office or franchise, but to remove a usurper from an office or to prevent the use of a franchise which did not exist. . . . The manifest purpose of the present information is to test the validity of the annexation of certain territory to North Birmingham, and to restrain the respondents from exercising

acts over same,—not to oust them from the exercise of a franchise.
. . . . If the respondents are exceeding their jurisdiction or authority,
this may be checked by an appropriate proceeding, but not by a quo-
warranto to test their title to an office or right to a franchise. Here,
the franchise exists, and the respondents are only charged with an
excessive use of same, and are sought to be enjoined from using same
in a certain way, and not that they be ousted from said franchise. . . ..
It seems well settled by the great weight of authority that where city
authorities assume to exercise mere corporate powers beyond the terri-
torial boundaries of the corporation, the remedy is not quo warranto,
but injunction."

In Lutien v. Kewaunee, 143 Wis. 242, 126 N. W. 662, 127 N. W.
942, the same question was also passed upon. It was there said "quo-
warranto is manifestly inappropriate."

We do not decide whether the state might institute and maintain
proceedings in the nature of quo warranto directed at the city of Grand
Forks as a corporation, as this is not an action by the state, but one
by parties having a special interest in the subject.

(b) It is manifest that certiorari is not the proper remedy. The
writ of certiorari goes to the record made by the inferior court, board,
or tribunal, and if, as in the case at bar, facts are alleged which may be
essential to a determination of the proceeding outside the record, they
cannot be reached by the writ. In the instant case, the complaint
alleges numerous acts and facts not disclosed by the record of the
proceedings in the city council of Grand Forks. Among such ques-
tions are the area of the original city and the area of the included
tracts, as the statute fixes a limit of the amount of territory which may
be annexed with relation to the territory included in the city, and the
question as to the character of the territory is also raised, that is,
whether farming, pasturing, or what.

In Lutien v. Kewaunee, supra, it was held that certiorari would not
reach the question of the number of electors and landowners in the
annexed district, which, under the Wisconsin statute, was a material
question.

(c) From what has already been said relating to the writs of quo
warranto and certiorari, it is evident that injunction is a proper remedy.
That it is so is supported by numerous authorities, which we need not

review at great length. We, however, make reference to a few of the many.

In Lutien v. Kewaunee, supra, the question arose as to the legality of an attempted annexation of territory to the city of Kewaunee. Owners of real estate in the annexed territory brought suit on behalf of themselves and of other property owners and taxpayers similarly situated, to enjoin the city officials from levying any taxes upon their real estate, and from exercising any acts of jurisdiction over the territory sought to be annexed, and to enjoin the city clerk from making out and delivering a tax roll and tax warrant including such real estate, and the city treasurer from collecting or attempting to collect taxes on the same. What were claimed to be jurisdictional defects in the proceedings were alleged as grounds for the action prayed for, and that learned court held that the remedy was in equity, and cited authorities sustaining its conclusions. The reasoning and conclusion of that court sustains the right of the plaintiff brick company to maintain the action in the case at bar.

See also High on Injunctions, § 1254. That author lays down the rule that where the proceedings of a municipal corporation, in the annexation of adjacent territory to the municipality, are in excess of the corporate power and authority, they may be enjoined at the suit of a citizen and taxpayer whose taxes would be increased by the proposed action, and that property owners of such territory, suing in behalf of themselves and all others similarly situated, may enjoin such illegal annexation, both upon the ground of preventing illegal taxation and to prevent a change of the property of citizens from the territorial limits of one municipality or political body to those of another, and that, when the proceedings of a board of municipal officers for annexing contiguous territory are wholly void by reason of noncompliance with the statute conferring the jurisdiction, taxes assessed upon the land may be enjoined.

McQuillin, on Municipal Corporations, vol. 1, § 288, states that citizens and taxpayers may institute the appropriate proceeding to test the legality of the annexation or detachment of territory, e. g., injunction; that when a petition for annexation is not signed as required by statute, the property owner within such territory may enjoin the execution of an ordinance for an election founded upon the petition; that

taxpayers may test the validity of proceedings annexing territory by injunction against the collection of taxes on their property by the city.

It is held in Pueblo v. Stanton, 45 Colo. 523, 102 Pac. 512, that proceedings for the annexation of territory, exceeding the corporate authority, will be enjoined at the suit of the property owner.   See also Wilton v. Pierce County, 61 Wash. 386, 112 Pac. 386.

In Pittsburg's Appeal, 79 Pa. 317, it is held that a private citizen may maintain a bill to restrain the city from carrying into operation an ordinance to annex territory to the city.   That court says: "The right of a private citizen to maintain a bill such as that upon which this case is founded is hardly open for argument.   So many are the cases in which such bills have been sustained, one might suppose this matter to be no longer open for debate."   That court refers to certain cases, and says that it was held "that the interest of a taxpayer, when money is to be raised by taxation or expended from the treasury, is sufficient to entitle him to maintain a bill to test the validity of the law which proposes the assessment or expenditure.   If, then, such an interest be sufficient to enable one to test the validity of an election law, which at most could increase his tax to but a trifling degree, *a fortiori* shall one like the plaintiff, who is threatened by most burdensome impositions, have the power thus to inquire into the right by which the councils of Pittsburg propose to act in subjecting his person and property to their jurisdiction, for the purposes of municipal government and taxation."

In Sample v. Pittsburg, 212 Pa. 533, 62 Atl. 201, the legality of a proposed annexation of the city of Allegheny to the city of Pittsburg was passed upon, and it was held that citizens and taxpayers of Allegheny city might maintain a bill in equity to restrain the city of Pittsburg and its municipal officers from taking any proceedings under the act of April 20, 1905, to annex the city of Allegheny to the city of Pittsburg.

In Roswell v. Ezzard, 128 Ga. 43, 57 S. E. 114, it is held that, at the instance of a resident citizen and taxpayer, equity will restrain proceedings instituted under color of law, but which are illegal, the effect of which is designed to change his domicil from one political subdivision to another.   The court said: "A court of equity will not turn a deaf ear to his complaint that the municipality, under color of

law, is attempting to change his domicil, and require him to meet each new condition resulting from such attempt, by a separate proceeding, . . . when all of these and sundry other complications may be avoided by the grant of an injunction."

See also High, Extr. Legal Rem. § 618, and Layton v. Monroe, 50 La. Ann. 121, 23 So. 99; 28 Cyc. 212; Delphi v. Startzman, 104 Ind. 343, 3 N. E. 937; Osmond v. Smathers, 62 Neb. 509, 87 N. W. 310; Eskridge v. Emporia, 63 Kan. 368, 65 Pac. 694; Windham v. Vincennes, 58 Ind. 480.

In Delphi v. Startzman, 104 Ind. 343, 3 N. E. 937, it was held that, where the complainant was seeking to prevent the city from carrying into effect an illegal order for the annexation of territory within which his lots were situated, there was an attempt to interfere with property rights under color of legal authority, and that injunction was the appropriate remedy.

In Hyde Park v. Chicago, 124 Ill. 156, 16 N. E. 222, the validity of an attempted annexation of the village of Hyde Park to the city of Chicago was considered and passed upon, and it was held that, inasmuch as the property of an unincorporated village was in the nature of a trust fund, which the corporate authorities held for the use of the public, and any unlawful interference with it was calculated to inflict irreparable injury upon the community, it presented a clear case for equitable relief. That injunction will lie, see also East Springfield v. Springfield, 238 Ill. 534, 87 N. E. 349; and Morgan Park v. Chicago, 255 Ill. 190, 99 N. E. 388, Ann. Cas. 1913D, 399.

The above are a few of the authorities sustaining the contention of respondent that injunction is a proper remedy in the case at bar. We have examined all the authorities cited by appellant, a few of which are more or less in point, and it may be conceded that there is a conflict in the authorities, largely by reason of a failure on the part of some courts to make pertinent distinctions. Although we deem the great weight of authority to sustain the contention of respondent, we do not need to go outside the decisions of own court on the question. We have only done so because of the careful and extensive investigation the subject has been given by counsel and the elaborate arguments made.

We deem Farrington v. New England Invest. Co. 1 N. D. 102, 45 N. W. 191, and Northern P. R. Co. v. McGinnis, 4 N. D. 494, 61 N. W.

1032, in point, so far as tax proceedings relating to taxes on real property are in question, but the recent case of Baker v. LaMoure, 21 N. D. 140, 129 N. W. 464, is direct authority sustaining our conclusion. It was there held that an allegation showing in effect that a proposed assessment against the plaintiff's property would be illegal was sufficient to show that the plaintiff had such interest as to entitle him to the interposition of a court of equity, inasmuch as, if not restrained, his property would be encumbered by a lien in excess of what it would be if the council had not exceeded its authority.  See also Minneapolis, St. P. & S. Ste. M. R. Co. v. Dickey County, 11 N. D. 107, 90 N. W. 260; Schaffner v. Young, 10 N. D. 245, 86 N. W. 733, wherein it is held that courts of equity will intervene, even in personal property cases, where a tax is imposed by officers acting outside of their territorial jurisdiction.

We conclude that plaintiffs sought the remedy applicable to the facts pleaded in this case.

3. It is urged by appellant that plaintiffs have, by their delay in instituting these proceedings, acquiesced in the action of the city council to such an extent as to estop them from asserting that they have not been legally incorporated within the city limits of Grand Forks.  The resolution of annexation was adopted October 23, 1911. This proceeding was instituted on the 11th of March, 1912.  We find no acts done by the city or its officials in the meantime of sufficient importance to justify the court in holding that a delay of little over four and one-half months in instituting the proceedings estops the plaintiffs.  In determining this question, consideration must be given, not only to the time which elapsed, but to the acts done by the city and its officials, and the seriousness of the injury complained of by the plaintiffs.  The city prepared and filed a map, and enacted an ordinance, including the annexed territory in certain election precincts, and called an election, but this suit was commenced before the election.  We hold that plaintiffs were not estopped.

4. It is next urged that School District 59 and the township of Falconer are not proper parties plaintiff.  This question is really immaterial, because it is clear that the brick company is a proper plaintiff, and if one of the parties is so, then the action cannot be dismissed, but on the authority of the Illinois cases heretofore cited, we

are satisfied that both the school district and the township, as such, had sufficient interest in the matter in controversy to sustain the right to complain. It would reduce their revenue, and raise the rate of taxation materially, and as to the school district might seriously interfere with the conduct of the schools by reducing the number of pupils and otherwise disarranging its affairs.

5. The next and most serious question raised is as to the validity of the acts of the city council in the attempted annexation. Under § 2825, Rev. Codes 1905, as amended by chap. 58, Laws of 1909, any city may so extend its boundaries as to increase its territory, not to exceed one half its present area, by resolution of the city council passed by two thirds of the entire members elect.

Sec. 2826 of the same chapter requires the resolution referred to to be published in the manner therein set forth, and copies thereof to be posted in five of the most conspicuous places within the territory proposed to be annexed, and authorizes and provides that the territory described in such resolution shall be included within, and become a part of, the city, unless a written protest signed by a majority of the property owners of the proposed extension is filed with the city clerk or auditor within ten days after the last publication of such resolution. It further provides that, if such written protest is filed, the council shall hear testimony offered, make a personal inspection of the territory, when, if it is the opinion that such territory ought to be annexed, and if, by resolution passed by two thirds of the entire members elect, it shall order such territory to be included within the city, it shall then make and cause an order to be made and entered, describing the territory annexed, whereupon the territory described in such resolution shall be included and become a part of the city, with the proviso that, if the greater portion of such territory is used for farming and pasturage purposes, then such territory shall not be annexed.

It appears in this case that, after the adoption of the preliminary resolution, the publication and posting of the notices required, protests were signed and filed. The matter was considered, a personal inspection made by the council, whereupon, without further notice, a resolution was adopted amending the original resolution by striking out a considerable portion of the territory therein described and included, and the resolution as so amended was in substance adopted in the manner

provided by the statute.  The question is, Was it not necessary to publish and post notices of the proposed extension of the boundaries of the city, after the protests were filed and heard on the original contemplated extension, and describing the territory actually annexed? Incidentally, and preliminary to a determination of this question, we may observe that this court has heretofore announced its construction of the law regarding the powers of cities.  In Stern v. Fargo, 18 N. D. 289, 26 L.R.A.(N.S.) 665, 122 N. W. 403, we held it to be well settled that incorporated cities have only the following powers: 1, Those granted in express words; 2, those necessarily implied or incident to the powers expressly granted; 3, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable; 4, that doubtful claims of power, or doubt or ambiguity in the terms used by the legislature, are resolved against the corporation.  And equally applicable is the language of this court in the recent case of State ex rel. Minehan v. Meyers, 19 N. D. 804, 124 N. W. 701, wherein it was said: "It must be borne in mind that the proceedings for the division of a county and the organization of new counties are strictly statutory, and no intendment can be indulged in their favor.  It is no doubt true that the statute must receive a liberal construction to the end that the legislative intent may be given effect, but where such intent is reasonably apparent, it is incumbent upon those who seek to interfere with existing county organizations by the creation of new counties, to at least substantially conform to the requirements of the statute." It would thus appear that, if there is any ambiguity in the language of § 2826, it should be resolved against the power of the city; but our determination of this question need not rest upon this conclusion.

It is a fundamental element of American jurisprudence that parties are entitled to notice and hearing before their situation can be changed in a legal proceeding to their detriment, and before they can be deprived of their property or other rights.  It can hardly be doubted that, with the change from one municipality to another, the increase in the rate of taxation which would necessarily follow, and the added burdens incident to becoming a part of a city as compared with those incident to the township, are material to the rights of the parties affected.  They were given notice by the council of a contemplated change, and an opportunity was afforded them to enter their protest.  This they did,

but their protests only related to the territory first proposed for annexation to the city. Those protests were presumably made by those objecting to the inclusion of the territory described in the notice. We cannot presume that their objections were the same that they would have been, had the original notice only included the territory described in the final resolution. Neither can we assume that other parties might not have objected to the inclusion of the territory included in the smaller acreage, who did not object to the total. They had a right to protest against the acts which were in fact consummated by the council. They never had such an opportunity. They were not notified that only a fraction of the territory as advertised was to be annexed. They had no opportunity to protest as to that territory. By the change the city council lost jurisdiction, if it ever acquired it, to make the annexation. It did so without notice to those interested in the contemplated annexation. Notice of the contemplated change did not furnish notice of the change made.

This statute, if valid, grants to cities most extraordinary power, by permitting city councils to annex territory in direct opposition to the wishes and protests of all the people whose interests are to be affected, and if there is reason for a strict construction of any statute, it may certainly be found in a case of this kind, and the city should be required to give the interested parties such, and all the notice that the statute prescribes, as a prerequisite to a valid annexation.

The city has attempted to exert against the complainants the power derived from a statute and granted upon a condition, which condition is, that the conditions precedent prescribed by the statute shall be complied with. This is essential. The fact that the resolution, as at first adopted, included a small portion of territory already within the limits of the city, doubtless by mistake, is immaterial. It included other territory which was not within the city limits at that time, and which was not included in the final action of the city council. No order has been made by the council annexing the territory covered by the original resolution, and of which the interested parties had notice, and the fact that the members of the city council acted in good faith, which is not denied, is immaterial. The statute is that, "if no written protest is filed, the land therein described becomes a part of the city." "Therein described" relates to the original resolution, and the description of

land which it contains and which is given in the notice published and posted. When the resolution is attempted to be amended and the acreage changed, the council is acting upon a different proposition from the one which the owners and taxpayers have been given an opportunity to protect themselves against.

Nowhere in the statutory provision do we find anything indicating that anything different from the whole of the territory as to which notice is given may be substituted for that contained in the notice and resolution. Under the proviso we find that, if the character of a portion of said territory consists of land used for farming or pasturage purposes, "then" said territory shall not be annexed. This refers to the whole territory proposed for annexation, and, as we have heretofore indicated, the fact that if farming lands were included in the original resolution in a sufficient quantity to defeat the annexation, parties aware of that fact might, for that reason alone, refrain from going to the trouble of entering a protest, which they would have done, had it not been included. It would have been a simple matter for the legislature to have clearly indicated its intention to grant to the city the power to annex part only of land described, if it had intended to grant this power. It has not done so. In further support of our conclusion, see Peru v. Bearss, 55 Ind. 576, where it is held that, inasmuch as the entire proceedings for annexation of contiguous territory to incorporated cities are statutory proceedings, to make them operative and give them validity, it is essentially necessary that all proceedings be in strict conformity with the provisions and requirements of the statute.

For the reasons stated, it is clear to the members of this court, that the attempted annexation was invalid, and that the judgment of the trial court should be affirmed. Respondents suggest and argue other reasons for sustaining the judgment, and particularly and strenuously argue that the statute under which the attempt to annex was made is unconstitutional. In view of our conclusions stated above, it is unnecessary to pass upon other questions, and, while we entertain serious doubts of the validity of the statute, we cannot, with propriety, under the precedents, pass upon this, when not necessary to do so.